Opinion by
Willson, J.
§ 152. Sale; what does and what does not constitute. To constitute a sale of property, the title to, or property in, the thing, must pass from the seller to the buyer. Every sale transfers the property, and that is not a sale which does not transfer the property in the thing sold. A transfer only of the special property, and not of the general or absolute title, is not a sale of the thing. [Woods v. Half, 44 Tex. 633; Benjamin on Sales, § 68; Hunt v. Wyman, 100 Mass. 198; Fuller v. Buswell, 34 Vermont, 107.]
§ 158. Same; conditional and incomplete. Where a sale is made and possession delivered to the vendee, upon the express condition that the title to the thing, is to remain in the vendor until the purchase price be paid, such payment is strictly a condition precedent, and, until performance thereof, the sale is incomplete and the right of property is not vested in the vendee. [Ridgeway v. *142 Kennedy, 52 Mo. 24; Little v. Page, 44 id. 412; Parmlee v. Catherwood, 36 id. 479; Heath v. Randall, 4 Cush. 195; Hanway v. Wallace, 18 Ind. 377; Ballard v. Burgett, 40 N. Y. 314; Cogghill v. R. R. Co. 3 Gray, 545; Hotchkiss v. Hunt, 49 Me. 213; Benjamin on Sales, § 320, note (d).]
April 19, 1884.
§ 154. Plea of failure of consideration held good. T. sold C. a soda-fountain, taking C.’s notes for the purchase price. In the notes it was expressly stipulated that the title to said property remained in T., and did not vest in C., until the notes were paid. The property was delivered to 0., and without fault on his part was destroyed by fire. In a suit by T. upon the notes, 0. pleaded the destruction of the property as above stated, and it was held, on general exception to the plea, that it was a good plea of failure of consideration, and the judgment was reversed because the court sustained plaintiff’s general exception to it.
Reversed and remanded.