## HILLIS *v.* DILS ET AL.

[No. 7,844. Filed February 18, 1913. Rehearing denied June 19, 1913.]

1. DESCENT AND DISTRIBUTION.—*Husband and Wife.—Debts.*—Under §3016 Burns 1908, Acts 1891 p. 71, a surviving husband acquires one-third of his deceased wife's real estate free from her postnuptial debts. p. 579.

2. WILLS.—*Construction.—Disposition of Real and Personal Property in Same Words.*—Where a will purports to dispose of real estate and personal property in the same words, and in the same connection, and it is manifest that the testator intended both to go together, it will be so construed. p. 580.

3. WILLS.—*Construction.—Disposition of Personal Property.*—Bequests of personal property are absolute gifts unless something appears in the will to the contrary, since it is a *prima facie* rule of construction that a testator by his will disposes of his entire estate. p. 580.

4. WILLS.—*Construction.—General Rule.*—In the construction of a will, the court should take into consideration all its provisions, and from them place such a construction thereon, consistent with the established principles of law, as will carry into effect the general scheme and purpose of the testator. p. 580.

5. WILLS.—*Construction.—Disposition of Personal Property.*— Where a testatrix devised her home to her daughter "subject to the conditions hereinafter stated," and in another clause gave all the residue of her estate to her grandsons and to such daughter,

and provided that on the death of the daughter before the death of the grandchildren the legacies given her should go to them to the exclusion of her surviving husband, an unrestricted gift to the daughter was thereby indicated in which such grandsons had no vested rights, so that they could have no claim against the estate of such daughter as to her share under such will for any sum beyond that which might remain at her death. p. 580.

6. WILLS.—*Determinable Fee.—Nature of Interest.*—The owner of a determinable fee in real estate has all the right of an owner in fee simple in regard to the use or disposal of the real estate, save that his fee is liable to be defeated at any time by the occurrence of the designated contingency, and that in the event of a sale by him, his purchaser would also take a determinable fee. p. 581.

7. WILLS.—*Disposition of Personal Property.—Enjoyment by Holder of Defeasible Interest.*—Although one who holds only a limited interest in personalty bequeathed to him may not use it in a manner destructive of the rights of others interested therein, the holder of a defeasible absolute interest in personal property has the right to get the full benefit of it, even to the extent of using it in such a way that it may be consumed. p. 581.

8. APPEAL.—*Request for Oral Argument.—Briefs.*—A request for oral argument must be seasonably made, before the time for filing briefs has expired and before their consideration by the court; and while it is not improper to incorporate a petition for oral argument in the brief, where it is so incorporated, the cover page of the brief should show that fact in order that it may be brought to the attention of the clerk for filing, since the court will not search the briefs to determine if counsel desire an oral argument. p. 582.

From Decatur Circuit Court; *Marshall Hacker,* Judge.

Action by Culver M. Hillis against Edwin J. Dils and another. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*John E. Osborn, Lewis A. Harding* and *Horace C. Skillman,* for appellant.

*John H. Parker, George L. Tremain* and *Rollin A. Turner,* for appellees.

IBACH, C. J.—On August 6, 1896, Catherine Black executed her last will and testament. She died sometime dur-

ing the year 1897. So much of her will as is relevant to this appeal follows: "Know all men, that I, Catherine Black, do make and publish this my last will and testament. First. I give and bequeath to my daughter, Tillie A. Dils, my house and lot in which I now live, subject to the conditions hereinafter stated. Second. I give and bequeath to my grandson, Culver M. Hillis, one bed and bedding and one gold watch which was bought for his mother. Third. All the residue of my estate, real and personal or mixed, I will and bequeath equally to my grandsons, Culver Hillis and Dwight A. Charlton, and my daughter, Tillie A. Dils. And further, I direct that in case of the death of my daughter, Tillie A., before the death of my grandchildren, or either of them, all of her legacies given in any item of this will shall revert or descend to my surviving grandchildren, or either of them if the other is dead, to the exclusion of her surviving husband if he survives her. If either legatee dies, his or her portion shall go to the survivors."

In the settlement of the estate of Catherine Black and the distribution of the proceeds thereof, after the payment of all debts, $2991.38 was distributed according to the terms of the will, that is, $997.12 was given to each of the legatees mentioned therein. It appears also from the complaint and answer that Tillie A. Dils died on October 11, 1908, intestate, leaving as her sole heirs at law her husband, appellee Dils, and her son, appellee Charlton. At the time of her death she was the owner in fee simple and free from incumbrance of 190 acres of land valued at $50 per acre and was possessed of personal property valued at $210, in addition to her interest in the house and lot given to her by the will of Catherine Black.

Appellant filed his complaint against both appellees as a creditor of Tillie A. Dils, claiming in substance that he is entitled, as one of the surviving legatees under the will of Catherine Black, to one-half of the aforesaid sum of $997.12, paid to Tillie A. Dils, or $498.56, and that, since the estate

of Tillie A. Dils was settled without paying such sum to him, he being at the time of settlement a minor, appellees are now liable to him for its payment.

Appellee Dils, being the surviving husband of said Tillie A. Dils, took his share of her estate as such under §3016 Burns 1908, Acts 1891 p. 71, which share was one-third of her real estate free from her debts, and took no share as her heir, consequently his interest in her separate real estate could not be subjected to the payment of appellant's claim in any event, and the court very properly sustained appellee Dils' demurrer to the complaint.

Appellee Charlton averred in his answer, among other things, that said Tillie A. Dils had, during her life, used, spent and disposed of all of the money paid her as one of the legatees under the will, and had no part of it remaining at the time of her death, and therefore there was no portion of such fund remaining for distribution to appellant. Appellant's demurrer to this answer was overruled, and this action of the court is the only remaining error assigned, and presents the only important question in the case. In the case of *Pulse* v. *Osborn* (1903), 30 Ind. App. 631, 64 N. E. 59, the will of Catherine Black under consideration was construed with reference to the house and lot devised to Tillie A. Dils, and the court held that she acquired a determinable fee in such real estate, (that is, she became the owner in fee of the real estate, subject to be defeated in case of her death before that of appellant Hillis and appellee Charlton, and liable to become owner in fee simple in the event of their deaths occurring before hers) and that Hillis and Charlton had no vested interest in such real estate until her death. The question before us for determination is, Was the interest of Tillie A. Dils in the personal property bequeathed to her upon the same conditions as the real estate, such an interest that she might use, spend and dispose of such personal property during her life, without making her estate liable for its value to Hillis and Charlton?

It was said in the case of *Mulvane* v. *Rude* (1896), 146 Ind. 476, 481, 45 N. E. 659: "Whenever a will purports to dispose of real estate and personal property in the same words and in the same connection and it is manifest that the testator intended both to go together, it is held that the will must be so construed." Both appellant and appellee rely upon holdings such as the above to substantiate their argument that Tillie A. Dils took an interest in the personalty bequeathed to her by her mother's will, exactly similar to the interest she took in the real estate devised to her by the same instrument, that is, a defeasible fee. They differ as to what are the rights of the holder of a defeasible fee in personalty.

At common law the rule in bequests of personal property was different from that concerning devises of real estate, and the question in bequests of personal property was, whether the context of the will showed an intention to give anything less than the absolute ownership of the property, and if no such intention appeared, the absolute ownership was held to pass. This rule applies with even greater force under modern law, where the *prima facie* rule of construction is, that the testator is disposing of his entire estate. So it is the rule that gifts of personal property are absolute gifts unless something appears in the will to the contrary. Page, Wills §595.

It is our duty in the construction of the will before us to take into consideration all of its provisions and from them to place such a construction upon it, consistent with the established principles of law, as will carry into effect the general scheme and purpose of the testator. Keeping this general principle in mind, we are convinced from the language employed by the testator that it was her purpose and intent in disposing of her property to eliminate from all consideration the daughter's husband, appellee Dils, but that her daughter should enjoy to the fullest extent her entire estate, both real and

personal, giving to her the fee in the land, subject only to be defeated in case of the daughter's death before that of the grandchildren, and a similar title to the personal property. The will contains nothing to restrict the use of the personal property as to time, manner, or form, nothing that would indicate a trust, or that there was a limitation to the income of the legacy, but rather the language used indicates an unrestricted gift in which the grandchildren had no vested rights before her death, and would have no claim against her estate for any sum beyond that which might remain at her death.

The owner of a determinable fee in real estate has all the right of an owner in fee simple in regard to the use or disposal of the real estate; he may use it in any way,

6. may cut and sell the trees growing upon the land, strip the sod and clay from its surface, take out the minerals from underneath, sell it without restriction; his rights being equivalent to those of an owner in fee simple, save that his fee is liable to be defeated at any time by the occurrence of the contingency by which it is determined, and if he should sell, his puchaser would also take a determinable fee. But no owner of real estate can entirely use up or destroy his property, though he may so use it as to make it of less value than it possessed when he acquired it. From the nature of real property, however used, there will always be left a portion of the earth's surface from the ownership of which the holder of a determinable fee is liable to be divested, although he may have denuded it to bare rock, and made it practically valueless for any purpose, and in so doing have remained wholly within his legal rights. See, *Gannon* v. *Peterson* (1901), 193 Ill. 372, 62 N. E. 210, 55 L. R. A. 701. Personal property is of a different

7. nature, and its absolute owner is privileged to use it in any way, but since from the nature of personal property it may be entirely consumed or destroyed by using it, the holder of a defeasible absolute interest in personal

property has the right to get the full benefit of it, even to the extent of using it in such a way that it may be consumed. This is not the rule in cases where it appears from the will itself that a limited interest only in personalty was bequeathed, but such we do not find here.

It follows that the answer of appellee setting forth the facts relative to the manner in which the fund sued for was obtained originally, and showing that it had all been spent by Tillie A. Dils during her lifetime, and that none of it remained at the time of her death, was a complete defense to appellant's claim, and the trial court did not err in overruling appellant's demurrer thereto.

Judgment affirmed.

## ON PETITION FOR REHEARING.

IBACH, J.—Appellant, in his brief for rehearing has urged the same matters presented in his original brief. In addition, he insists that the court should have granted his application for oral argument. No petition for oral argument was filed with the clerk of this court, or in any way brought to the court's attention so that the court could ascertain from the files of the clerk, or the clerk's memorandum on the transcript, that there had been a request for oral argument. On the last page of appellant's original brief, just above the signature of counsel, counsel asked an oral argument.

A request for oral argument must be seasonably made, before the time for filing briefs has expired, and before consideration by the court, and the court is not required to search the briefs in order to find out whether counsel desire an oral argument. In this case the request was not discovered until after the case had been partially considered, and a decision practically agreed upon. It is undoubtedly the rule that a party in this court is entitled to an oral argument, under Rule 26 of this court, in all cases where a proper written application has been

filed, but the request for oral argument must be made in such form that it can be ascertained by the court before reading the briefs through for final consideration of the case. It is not improper to incorporate a petition for oral argument with the appellant's or appellee's brief, but if this is done, the cover page of the brief should show that it contains the party's brief, and his petition for an oral argument, in order that the latter be brought to the attention of the clerk of the court for filing, and to the attention of the court when the cases are distributed for decision. Appellant failed to make a proper application for oral argument, therefore he was not entitled to oral argument.

Petition for rehearing denied.

NOTE.—Reported in 100 N. E. 1047; 102 N. E. 140. See, also, under (1) 14 Cyc. 69; (2) 40 Cyc. 1525; (3, 5) 40 Cyc. 1607; (4) 40 Cyc. 1413; (6) 16 Cyc. 602; (7) 16 Cyc. 619; 40 Cyc. 1997; (8) 3 Cyc. 210. As to testator's intent as test of quality of bequest, see 140 Am. St. 613. As to right of first taker to consume estate in cases of bequest for life, see 139 Am. St. 73. For a discussion of the interest given by a general bequest of personalty with an unlimited power of disposition, see 17 Ann. Cas. 480.