535 N.E.2d 186 (1989)
In the matter of the Estate of Edith E. Lane, Deceased.
Carl Elliott and Ruth Elliott, Co-Executors, Appellants (Petitioners below),
v.
HARDINSBURG BRANCH, the State Bank of Salem, Appellee (Respondent below).
No. 88A04-8806-CV-217.
Court of Appeals of Indiana, Fourth District.
March 20, 1989.
Rehearing Denied May 12, 1989.
James D. Allen, Allen Law Offices, Salem, for appellants.
John W. Mead, Mead, Mead & Thompson, Salem, for appellee.
CONOVER, Presiding Judge.
Carl and Ruth Elliott, co-executors of the estate of Edith E. Lane (Estate) appeal a Washington Circuit Court order which determined a son's interest in his mother's estate is vested and subject to levy or execution.
We reverse.
In 1979, Edith E. Lane executed a will. The residuary clause provides:
All the rest and residue of my estate whether real or personal and wherever situated I will, devise and bequeath, in equal shares, to my children; Betty Locke, J. Thomas Lane, Scott Neil Lane, Joe Lee Lane & David Lane. At the time of the preparation of this Will, I have no knowledge of the whereabouts of my son David Lane, and should he fail to appear and claim his share of my estate within three (3) years of the date of my death, then this gift to him shall lapse and the part of my estate to which he would have been entitled shall descend in equal shares to his brothers and sister.
(R. 12). Edith Lane died June 21, 1986. Her estate was probated, a partial distribution was made, and the estate was removed from the court's active docket, pending the event permitting its closing, lapse of David's interest after 3 years or his appearance and claim. (R. 60).
David Lane has not appeared to claim his bequest. David's share of the estate amounts to $15,368.22. (R. 58). The parties agree David's share is held by the *187 estate in the form of a certificate of deposit.[1]
Appellee Hardinsburg Branch, the State Bank of Salem, (Bank) owns a judgment against David Lane, of which $16,662.59 has not been paid. The Bank caused a writ of execution to be issued and served on the Estate as to David's share therein. (R. 114). The Estate petitioned the court for a determination a levy upon the Estate assets would be contrary to the will. (R. 39). The court determined, however, David's bequest has vested and is subject to levy or execution. (R. 75). The Estate appeals. The court's order has been stayed pending appeal. (Supplemental Record 8).
The Estate contends Edith's will creates a conditional legacy as to David. It argues title to the legacy does not vest in him until the condition precedent occurs, namely his appearance and claim within 3 years. Until then, the Estate argues David's ownership interest is not sufficient to support a levy or execution. In the alternative, the Estate suggests if David's interest is vested, it is not subject to execution.
The Bank posits the language of the will creates a fee on a condition subsequent or a determinable fee. It argues David's interest is vested, perhaps subject to divestment, but in any event now subject to levy and execution. It argues the holder of a defeasible interest in personal property is entitled to the full benefit of it, including its total consumption. Thus, the Bank concludes it, as David's judgment creditor, is entitled to the full possession and use of David's interest in the Estate.
David's interest in his mother's estate and the nature of that interest is, of course, determined by the terms of his mother's will. In construing a will the governing factor is the intent of the testator as expressed and shown by the language thereof. E.g. Pleska v. Zakutansky (1984), Ind. App., 459 N.E.2d 745, 748, trans. denied; Diaz v. Duncan (1980), Ind. App., 406 N.E.2d 991, 1000. When construing a will, effect must be given to the testator's intention so long as such intention does not interfere with established rules of law. Diaz, supra. We need not resort to rules of construction where the testator's intent is clear. E.g. Forth v. Forth (1980), Ind. App., 409 N.E.2d 1107, 1112.
Here, Edith's intentions are perfectly clear from the words of her will: David is to take a share of her residual estate equal to the share of his siblings if, but only if, he appears and claims his share within three years of Edith's death. Whether we characterize David's interest as a contingent interest, as a vested interest subject to divestment, or as a contingent fee subject to defeasance, it is the quality of his present right in the share which determines whether David's judgment creditors may reach it.
The word "vest" denotes a range of rights and interests from merely some recognizable claim to complete ownership. See e.g. McKinney v. Depoy (1938), 213 Ind. 361, 12 N.E.2d 250, 253 (To be [an] absolute vested right in a legal sense, the right must be complete and consummated, and one which the person to whom it belongs cannot be divested without his consent. A defeasible right is never in a strict sense, a vested right.); Brown v. American Fletcher National Bank (1988), Ind. App., 519 N.E.2d 166, 168 (The word vest is generally used to mean either vesting in possession or vesting in interest. Vesting in possession connotes an immediate existing right of present enjoyment, while vesting in interest implies a presently fixed right to future enjoyment.); Busick v. Busick (1917), 65 Ind. App. 655, 115 N.E. 1025, 1029 ("Vest" has various meanings and applications, [listing some]); and 44 Words and Phrases, pp. 254-382 (1962). Thus, while a legatee's right to property must have "vested" before the property can be seized and sold for debt, Stout, Administrator et al. v. LaFollette (1878), 64 Ind. 365, 369, it does not necessarily follow that *188 all vested interests are subject to levy and execution for payment of debt.
In Stout for example, the court held a devise in the hands of the executor was not subject to levy and sale under an execution against a legatee until settlement of the estate. Likewise, in Williams v. Smith (1856), 7 Ind. 559, the court held there could be no execution on a debtor's part interest in a growing crop until the crop was delivered to the judgment debtor. A holder of a defeasible absolute interest in personal property under a will is entitled to the full benefit and use of it, even its complete consumption, unless the will says otherwise. Hillis v. Dils, et al. (1913), 53 Ind. App. 576, 100 N.E. 1047, 1049, reh. denied.
Assuming David's interest is vested, it is not now absolute. It is, at most, a presently fixed right to future enjoyment. A judgment creditor is entitled to take on execution only what belongs to his debtor. 33 Corpus Juris Secundum, Executions Sec. 51, citing inter alia Hinds v. McNair (1955), 235 Ind. 34, 129 N.E.2d 553, [563]. See also 13 Indiana Law Encyclopedia, Executions Sec. 3, citing inter alia Hanway v. Wallace (1862), 18 Ind. 377 (vendee's interest in property, sold subject to condition to be performed within definite time with possession in the meantime in vendee, is not subject to execution); and Browning & Herdrich Oil Co., Inc. v. Hall (1986) Ind. App., 489 N.E.2d 988 (where judgment debtor had no present interest in certificates of deposit they were not subject to garnishment).
In this case, the Estate holds the property bequeathed by Edith subject to distribution to either David or his siblings under the terms of Edith's will. The property cannot be distributed to David unless he appears and claims it before June 21, 1989. Until that time David has no right to possession or use of the property. David cannot alienate it. David cannot bequeath it. Because David has no right to either possession or use of the property until he appears and claims it, his creditors can have no right to its possession or use until David timely appears and claims it. Thus, David's interest is not subject to levy and execution until the time of distribution and then only if David has appeared and claimed the property. To decide otherwise would be contrary to Edith's plainly expressed intent. Levy now would give David's creditor a greater interest in the property than presently held by David.
REVERSED AND REMANDED.
CHEZEM, J., concurs.
STATON, J., concurs with opinion.
STATON, Judge, concurring.
I concur with the Majority, but there is one statement which may be misleading: "Thus, David's interest is not subject to levy and execution until the time of distribution ..." Here there had been a partial distribution and only David's interest remained to close the estate. Garnishment and attachment would lie as to David's interest prior to any distribution to him. Furthermore, it would appear to me that such actions could be taken and made contingent upon David's appearance and claiming the money left to him by his mother. Otherwise, there would be an invitation or enticement to some siblings to act in concert and to assist a fellow sibling in avoiding his obligations. When the garnishment and attachment are filed, the court should make an order granting the garnishment and attachment as to David's interest but as determined by the court at the time of distribution. Furthermore, any additional cost of administration and additional court cost should not be assessed against shares already distributed or to be distributed to the other heirs. David's interest should be taxed the additional cost of administration and court cost.
NOTES
[1] A certificate of deposit is an "evidence of debt" subject to levy and execution under I.C. XX-X-XX-X.