EMILY W. JOHNSON and another *vs.* MARY H. MERITHEW.

Waldo.    Opinion January 28, 1888.

*Witness.  Death, presumption of.  Survivorship where several lives are lost in the same disaster.*

When a plaintiff in a real action is not a party as " heir of a deceased party," but claims title in his own right, he is a competent witness.

A person is presumed to be dead, who is not heard from, by those who would naturally hear from him, for the space of seven years, if his absence was for temporary purposes.

There is no presumption that death occurred at any particular time during that period. But death within a particular time may be inferred from the circumstances.

In this case a vessel sailed from Troon, Scotland, heavily laden with coal, for Havana, and was never heard from. *Held,* these facts authorized an inference that the vessel was lost with all on board within six months after leaving Troon.

Where several lives are lost in the same disaster there is no presumption of survivorship by reason of age or sex.

Survivorship in such a case must be proved by the party asserting it.

ON report.

The case is stated in the opinion.

*W. P. Thompson and R. F. Dunton,* for the plaintiffs :

The grantor must have mental capacity to understand the business in order to make a valid conveyance. *Hovey v. Hobson,* 55 Maine, 279 ; *Darby* v. *Hayford,* 56 Maine, 246 ; *Hovey* v. *Chase,* 52 Maine, 304 ; *St. George* v. *Biddeford,* 76 Maine, 593 ; Best. Ev. § 405 ; *Patterson* v. *Snell,* 67 Maine, 559.

Presumption of death. *White* v. *Mann,* 26 Maine, 361 ; *Loring* v. *Steineman,* 1 Met. 204 ; *Stinchfield* v. *Emerson,* 52 Maine, 465 ; *Stevens* v. *McNamara,* 36 Maine, 176 ; *Wentworth* v. *Wentworth,* 71 Maine, 72 ; *Newman* v. *Jenkins,* 10 Pick. 515 ; 1 Taylor, Ev. § 157 ; *Davie* v. *Briggs,* 97 *U. S.* 628 (24 L. ed. 1086) ; *McCartee* v. *Camel,* 1 Barb. Ch. 455 ; *Smith* v. *Knowlton,* 11 N. H. 191 ; *White* v. *Mann,* 26 Maine, 361 ; *Jeffers* v. *Radcliff,* 10 N. H. 242 ; *Tisdale* v. *Com. Mutual Life Ins.*

*Co.* 26 Iowa, 70; S. C. 28 Iowa, 12; *Moons* v. *DeBernales*, 1 Russ. 301; *Thompson* v. *Donaldson*, 3 Esp. 63; *Brigham* v. *Fayerweather*, 140 Mass. 415.

No presumption of survivorship. *Newell* v. *Nichols*, 12 Hun. 604; *Stinde* v. *Goodrich*, 3 Redf. 87; *Russell* v. *Hallett*, 23 Kan. 276; Best. Ev. § 410; 1 Greenl. Ev. § § 29, 30.

*Wm. H. Fogler,* for defendant.

Seven years having elapsed, the presumption is that Capt. Nickerson is dead. 1 Greenl. Ev. § 41; 4 Starkie, Ev. 458; *White* v. *Mann*, 26 Maine, 361. The date of his death is to be determined by the court from all the circumstances of the case. *White* v. *Mann*, *supra*; *Smith* v. *Knowlton*, 11 N. H. 191; *King* v. *Paddock*, 18 Johns. 141; *Gerry* v. *Post*, 13 Howard, Pr. 118; *Watson* v. *King*, 1 Starkie, 121 (2 Eng. Com. L. R. 322); 1 Greenl. Ev. § 41; *Newman* v. *Jenkins*, 10 Pick. 515.

By the Roman Law, and by the French Code, there were certain presumptions, as to the question of survivorship, based upon age, sex, &c. See 1 Greenl. Ev. § 29: I think it is the settled doctrine that no such presumptions obtain in this country. *Smith* v. *Croom*, 7 Fla. 61; Greenl. Ev. § 30; *Coye* v. *Leach*, 8 Met. 371; *Moehring* v. *Mitchell*, 1 Barb. Ch. 264, (affirmed 3 Denio 610). The law presumes every person to be of sound mind. Swinburne on Wills, 45, part 2, § 3, cl. 4; 1 Redfield on Wills, 16; *Wait* v. *Maxwell*, 5 Pick. 217; *Howe* v. *Howe*, 99 Mass. 88. Absolute soundness of mind is not necessary to enable a person to make a valid contract or conveyance. 7 Wait's Actions and Defences, 155; *Hovey* v. *Hobson*, 55 Maine, 256; *Farnam* v. *Brooks*, 9 Pick. 212; *Dennett* v. *Dennett*, 44 N. H. 531.

The testimony of the demandants, Mrs. Heath and Mrs. Johnson, is incompetent and inadmissible. R. S., c. 82, § 98; *Higgins* v. *Butler*, 78 Maine, 520. They are demandants as heirs of their mother. The mother, if alive, would be the party and not they. "The statutory inhibition applies only in cases where the heir is made a party because he is an heir, and where the ancestor would have been a party were he alive." *Wentworth* v. *Wentworth*, 71 Maine, 75.

The deed of an insane person not under guardianship is not void but voidable, and may be confirmed by him if afterwards sane, or by his heirs. *Hovey* v. *Hobson*, 53 Maine, 453; *Allis* v. *Billings*, 6 Met. 415; *Wait* v. *Maxwell*, 5 Pick. 217; *Arnold* v. *Richmond Iron Works*, 1 Gray, 434; 2 Kent's Com. 236; *Robinson* v. *Weeks*, 56 Maine, 102; *Emmons* v. *Murray*, 16 N. H. 385; 1 Washb. Real Prop. 306, and cases cited in note 3.

HASKELL, J. Writ of entry. Plea *nul disseizin*. Both parties claim title under Margaret P. Nickerson. The tenant claims that Margaret conveyed the premises to her son, Aaron W. Nickerson, in 1875, but demandants say that such deed is void for fraud and inoperative for want of her capacity to make the grant and for want of delivery.

Upon this issue the tenant objects to the competency of Mrs. Heath, one of the demandants, because she claims to have inherited a share of the property as heir to her mother, Margaret P. Nickerson.

This objection is not well taken, for Mrs. Heath demands in her own right that which she inherited from her mother, and is not made a party as "heir of a deceased party," R. S., c. 82 § 98; *Higgins* v. *Butler*, 78 Maine, 520.

It appears that in January, 1875, while on a visit to her daughter, Mrs. Heath, in Boston, Mrs. Margaret P. Nickerson was stricken with paralysis or some kindred malady that prostrated her bodily and confused and unsettled her mind; that in the following March, being somewhat restored, she was taken to her home in Belfast where she and her husband resided with their son, Aaron W. Nickerson, until her death in the following October; that, ever after her illness in January, she at times could not recognize her children and friends, and persisted in calling one of her daughters, Aaron.

An office copy of the deed of the demanded premises from Margaret P. to her son Aaron W. dated and recorded April 15, 1875, is set up as evidence of a conveyance of the property to

him. The original is not produced, nor is any reason given for withholding it; nor is the subscribing witness who took the acknowledgment of the deed as a magistrate called to testify.

A mortgage of the same property is also in evidence, dated the same day, and recorded December 21, 1875, after the death of Margaret P. in the preceding October, from Aaron W. to her husband, Aaron, conditioned to secure the payment of twelve hundred dollars in instalments, the last falling due in four years, and a discharge of the same is shown by the record August 26, 1876, but no other evidence is adduced upon that subject.

From a careful consideration of all the evidence, without reviewing it in detail, the court is of opinion that the supposed deed from Margaret P. Nickerson to her son Aaron W. did not operate as a conveyance of the property to him. It has become a recognized rule in this court that, in actions at law, when the parties submit questions of fact to the determination of the law court, they must be content with a decision of them without a review of the testimony in the opinion and reasons stated in detail.

Margaret P. Nickerson died in October, 1875, seized of the demanded premises, leaving three children, the demandants and Aaron W., to whom the same descended in undivided shares of one-third each, so that the demandants became seized of two undivided thirds thereof.

The other one-third descended to Aaron W., who accompanied by his wife and three children, all under ten years of age, sailed February 3, 1880, from Troon, Scotland, in command of a vessel loaded with coal for Havana, none of whom have since been heard from.

His father, Aaron , died September 6, 1886, having quit-claimed all his interest in the demanded premises to the tenant, September 11, 1880; so that if Aaron W. died before that date leaving no children surviving him, his one-third share in the same descended to his father, and passed under the latter's deed to the tenant; but if Aaron W. survived that date, then nothing passed by the father's quit-claim deed to the tenant; *Pike* v. *Galvin*, 29 Maine, 183; *Crocker* v. *Pierce*, 31 Maine, 177; *Coe*

v. *Persons unknown*, 43 Maine, 432 ; *Walker* v. *Lincoln*, 45 Maine, 67 ; *Harriman* v. *Gray*, 49 Maine, 537 ; *Read* v. *Fogg*, 60 Maine, 479 ; *Powers* v. *Patten*, 71 Maine, 583 ; and the demandants inherited from him two-thirds of his one-third in the demanded premises, making their interest in the same eight-ninths in all.

A person who leaves his home for temporary purposes, and is not heard from for the space of seven years by those who would naturally have heard from him is presumed to be dead. *Wentworth* v. *Wentworth*, 71 Maine, 72 ; *Stevens* v. *McNamara*, 36 Maine, 176 ; *Loring* v. *Steineman*, 1 Met. 204 ; but the death of such person at any particular time during that period is never presumed, but must be proved. *Newman* v. *Jenkins*, 10 Pick. 515.

Death may be proved by showing facts from which a reasonable inference would lead to that conclusion, as by proving that a person sailed in a particular vessel for a particular voyage and that neither vessel nor any person on board had been heard of for a length of time sufficient for information to be received from that part of the globe where the vessel might be driven or the persons on board of her might be carried. *White* v. *Mann*, 26, Maine, 361.

If death may be inferred from facts shown, it logically follows that the time of the death may be fixed with more or less certainty in the same manner. *Watson* v. *King*, 1 Starkie, 121.

In the case at bar, the vessel commanded by Aaron W. Nickerson, heavily laden with coal, sailed from Troon, in the south of Scotland, for Havana, a voyage usually accomplished in from twenty-five to forty days, in the track of many sailing vessels and steamers plying between the north of Europe and America.

In case of shipwreck, it is improbable if not impossible that the Benj. Haseltine, if driven ashore, should not have been reported in the United States within six months of her loss. If any on board of her had been rescued by passing vessels, they would have, within that time, sent the intelligence of shipwreck to the home port of the vessel. The circumstances surrounding the

vessel and the voyage that she entered upon may well authorize the inference of her loss with all on board within the six months following the date of her departure from Scotland, and a jury would be authorized to find the death of her master and his family prior to September 11, 1880.

The weight of authority, at the present day, seems to have established the doctrine that where several lives are lost in the same disaster, there is no presumption from age or sex that either survived the other; nor is it presumed that all died at the same moment; but the fact of survivorship, like every other fact, must be proved by the party asserting it. *Underwood* v. *Wing*, 4 DeG. M. & G. 633, affirmed on appeal in *Wing* v. *Angrave*, 8 H. L. Cas. 183; *Newell* v. *Nichols*, 75 N. Y. 78; *Coye* v. *Leach*, 8 Met. 371; S. C. 41 Am. Dec. 518, and note of cases, 522.

In the absence of evidence from which the contrary may be inferred, all may be considered to have perished at the same moment; not because that fact is presumed, but because from failure to prove the contrary by those asserting it, property rights must necessarily be settled on that theory.

In the case at bar, the father was a man forty years of age and his minor children under ten. The last known of either was upon their sailing from Scotland. No evidence whatever gives any light upon the particular perils they encountered at death. The children are not proved to have survived their father, and therefore he died without issue, and his one-third of the demanded premises descended to his father, Aaron, prior to the date of the latter's quit-claim to the tenant, and passed to her under it.

By R. S., c. 104 § 10, it is provided that "the demandant may recover a specific part or undivided portion of the premises to which he proves title although less than he demanded."

*Judgment for the demandants for an undivided two-thirds of the premises demanded.*

PETERS, C. J., WALTON, DANFORTH, LIBBEY and EMERY, JJ., concurred.