*Richard B. Comstock and Rathbone Gardner*, for defendant.

---

MARIA H. WILLBOR *et al*, for an Opinion.

PROVIDENCE—JUNE 8, 1897.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

Three sisters perished in the same calamity, no fact or circumstance appearing from which it could be inferred that either survived the other. They left wills in which each gave and devised all her estate to her two sisters and the survivor of them, and provided that after the death of the survivor and the payments of debts certain legacies should be paid to A. B. C. A. deceased without issue before the death of the testatrices :

*Held*, That under the facts stated the question of survivorship must be regarded as unascertainable, and rights of succession to their estate are to be determined as if death occurred to all at the same moment.

*Held*, further, that the bequest and devise to the sisters in each of the wills did not take effect, there being no interval of time between the deaths during which title to property could vest.

*Held*, further, that the wills stand as if they contained only the bequests to the legatees subsequently named ; and the residue of the personal estate, if any, as well as the real estate, passes as intestate estate to the next of kin and heirs at law.

PETITION for an opinion upon a case stated, the facts appearing in the opinion.

MATTESON, C. J. This is a case stated for an opinion of the court as follows : Three sisters, Charlotte Willbor, Martha T. Willbor and Eliza Ann Willbor, late of Newport, deceased, all perished in the same calamity—the burning of their house in Newport. They left instruments in writing purporting to be their last wills and testaments which have been duly admitted to probate. By these wills each testatrix gave and devised all her real and personal estate to her two sisters or to either of the survivors, and to their heirs and assigns forever, and then, having first directed that after the decease

of the last sister the necessary debts should be paid, proceeds to give to her two nieces, Emily N. Willbor and Maria H. Willbor, five hundred dollars each, and to Thomas W. Smith two hundred dollars.

The legatee Emily N. Willbor died before the testatrices.

The only heirs at law of the testatrices are Abbie R. Richards, Ann Elizabeth Clarke, Mary H. Adams, Sarah T. Bliven and Maria H. Willbor.

Upon these facts the questions propounded are : (1) What is the amount of the legacies to which Maria H. Willbor and Thomas W. Smith are respectively entitled under the wills ; (2) What portion of the estate of the testatrices passed to their heirs at law ?

As all three of the testatrices lost their lives in the same disaster, and no fact or circumstance appears from which it can be inferred that either survived the others, the question of survivorship must be regarded as unascertainable, and hence the rights of succession to their estates are to be determined as if death occurred to all at the same moment. *Underwood* v. *Wing*, 19, Beav. 459 ; 4 De Gex. M. & G., 633 ; *Wing* v. *Angrave*, 8 H. L. Cas. 183 ; *Wallaston* v. *Berkely*, L. R. 2 Div. 1, Ch. 213 ; *Re Wainwright*, 1 Sw. & Tr. 257 ; *Scrutton* v. *Pattillo*, L. R. 19 Eq. 369 ; *Coye* v. *Leach*, 8 Met. 371 ; *Johnson* v. *Merithew*, 80 Me. 111 ; *Newell* v. *Nichols*, 12 Hun. 604 ; 75 N. Y. 78 ; *Re Hall*, 9 Cen. L. J. 381 ; *Russell* v. *Hallett*, 23 Kans. 276 ; *Ehle's Estate*, 73 Wis. 445 ; 24 Am. & Eng. Ency. L. 1027-1032.

If all three of the testatrices are to be regarded as having died at the same moment, it follows that the bequest and devise in each of their wills to the two sisters or either of the survivors did not take effect, there being no interval of time as between the deaths of the three during which titles to property could vest, and the wills therefore stand as if they contained only the bequests to the legatees subsequently named, to wit, Maria H. Willbor and Thomas W. Smith, the other legatee, Emily N. Willbor, having deceased without issue before the death of the testatrices.

We are therefore of the opinion : (1) That after the pay-

ment of the debts of each testatrix, Maria H. Willbor and Thomas W. Smith are entitled to the legacies of five hundred dollars and two hundred dollars respectively, bequeathed to them in each will, to be paid out of the personal estate of each testatrix if the personal estate is sufficient, and if insufficient that such legacies shall abate proportionately. (2) That the residue of the personal estate, if any, and the real estate of each testatrix, if any, passes as intestate estate to her next of kin and heirs at law.

*Daniel W. Fink & Warren R. Perce*, for the several persons in interest.