WILLIAM B. CARPENTER, Appellee, v. JEANETTE SEVERIN et al.,
Appellants.

WILLS: Construction—Survivorship and Substitution. The heirs of a
1 devisee cannot be deemed to be substituted for the devisee (Sec.
11861, Code of 1924) when it appears that the testator and
the devisee perished in a common disaster, and there is no evidence
that the devisee died *before* the testator died.

WILLS: Construction—Survivorship—Absence of Presumption. When
2 a testator and his devisee die in a common disaster, there is
no presumption at common law either (1) that one died before the
other, or (2) that they died simultaneously.

DESCENT AND DISTRIBUTION: Surviving Spouse—Instantaneous
3 Death—Effect. When a husband and wife die in a common disas-
ter, and there is no evidence that one lived longer than the other,
the law treats them as having died simultaneously, and the prop-
erty of each spouse will pass to his or her heirs or testamentary
beneficiaries, *as though the other spouse had never existed.*

Headnote 1: 40 Cyc. p. 1936. Headnote 2: 17 C. J. p. 1179. Head-
note 3: 17 C. J. p. 1180.

*Appeal from Black Hawk District Court.*—H. B. BOIES, Judge.

JUNE 25, 1925.

REHEARING DENIED APRIL 9, 1926.

ACTION in equity, to quiet title to certain real estate, by
the heir of Thaddeus B. Carpenter against the heirs of Celia A.
Carpenter, who claim title to said real estate as substituted bene-
ficiaries under the will of Thaddeus B. Carpenter, by virtue of
the statute, the said Thaddeus B. and Celia A. Carpenter, hus-
band and wife, having died in a common disaster, and no proof
of survivorship being offered. The trial court adjudged and
decreed that the title to said real estate was in the plaintiff,
and dismissed the cross-bill of the defendants, praying for the
same relief. From the decree entered, defendants appeal.—
*Affirmed.*

*W. M. Keeley, Asp, Snyder, Owen & Lybrand,* and *Pickett,
Swisher & Farwell,* for appellants.

*Edwards, Longley, Ransier & Harris,* for appellee.

De Graff, J.—Thaddeus B. Carpenter and his wife Celia A. died January 23, 1923, in a common disaster, while riding in an automobile which was struck by a locomotive. When found, both were dead, and there is no evidence that either predeceased the other.

Thaddeus, in 1904, executed a will, subsequently probated, in which he devised all his property, after the payment of debts and expenses of administration, to his "wife, Celia Car-

1. Wills: construction: survivorship and substitution.
penter, absolutely, by her to be received, held, enjoyed, and disposed of as she may think proper." Celia, in 1914, executed a will, subsequently probated, in which she devised all her property, after the payment of debts and expenses of administration, to her "husband, Thaddeus B. Carpenter, absolutely, by him to be received, held, enjoyed, and disposed of as he may think proper."

Thaddeus owned the property in question. He died without issue or parents, and the plaintiff, his brother, is his only heir at law. Celia died without issue or parents, and the defendants, two brothers, a sister, and children born to or adopted by other deceased brothers, are her heirs at law. The estate of Thaddeus was approximately $200,000 in value; the estate of Celia was approximately $20,000, at the time of their common death.

The question for decision stated: Did the death of Thaddeus and Celia Carpenter in a common disaster, without evidence of survivorship, have the effect of substituting, under the terms of the statute (Section 11861, Code of 1924), the defendants, as beneficiaries in his will?

Plaintiff in his petition alleges that he is the owner in fee simple of certain described real estate; that he is the brother and sole heir at law of Thaddeus B. Carpenter, who died

2. Wills: construction: survivorship: absence of presumption.
seized of the said real estate; that he is informed and believes that the defendants "make some claim adverse to the estate of the plaintiff in said property, because of the fact that the defendants are the only heirs at law of Celia Carpenter; but

the plaintiff avers that neither the said Celia Carpenter nor the defendants inherited or became otherwise entitled to any part of the property, or the estate of the said Thaddeus B. Carpenter. Wherefore, plaintiff prays that his title and estate be established against the adverse claims of the defendants and each of them.''

The defendants, by answer and cross-bill, admit the death of Thaddeus and Celia Carpenter as alleged, and that the plaintiff is the brother and sole heir at law of Thaddeus B. Carpenter. Further answering, defendants allege that Celia A. Carpenter was the sole devisee and legatee in the will of Thaddeus B. Carpenter, now deceased, and that the said Celia A. Carpenter ''did not survive the said testator, Thaddeus B. Carpenter;'' that she died without issue, but was survived by the defendants named in the petition. By way of cross-bill, the defendants allege that they are the owners in fee simple of the real estate in question, of which Thaddeus B. Carpenter died seized, but leaving a last will and testament making the said Celia A. Carpenter the sole devisee and legatee therein; that the said Celia A. Carpenter did not survive the testator; and that the defendants are her surviving heirs at law; and that said defendants are informed and believe that the plaintiff makes some claim adverse to their title and ownership in said real estate, and pray that their title and estate be established against the adverse claim of plaintiff and against all persons claiming by, through, or under him. These are the allegations contained in the pleadings material and necessary for the determination of the issues involved.

The multiplicity of casualties attending our modern life has frequently called for the application of the legal principle which is the very heart of the instant controversy. The principle, however, antedates the present era by many generations. The difficulty is, and always has been, that, in most cases of this character, involving the death of two or more persons in a common disaster arising from shipwreck, explosion, conflagration, or vehicle accident, there is no evidence whatsoever as to survivorship. It being recognized, as it must be, that survivorship as a matter of fact is unascertainable and un-

provable by evidence in many instances, there has ever been a quest for a rule more satisfactory and logical than Lord Mansfield's advising litigants out of court.

The civil law of Rome indulged in various presumptions as to the survivorship between persons who perish in a common disaster, based upon age, sex, and physical strength of the individuals.. These find expression in the law of Justinian, in the Code Napoleon, and in the judicial systems of the Latin countries of Europe. In other words, the canons of the civil law attempt to solve the question by certain fixed rules, obviously framed upon a presumption of fact as to who would actually survive. For example: A father was presumed to survive his son of tender years; but, if the son had reached adolescence at the time of the calamity, he was presumed to have survived his father. So a man was presumed to have survived a woman, for the same reason. The presumptions of the Roman law have received neither judicial nor legislative sanction in the states of the American union, with the exception of California and Louisiana, in which states the rule of the civil law has been adopted by statute. See *Grand Lodge A. O. U. W. v. Miller,* 8 Cal. App. 25 (96 Pac. 22); *Succession of Langles,* 105 La. 39 (29 So. 739).

At common law, and in all other states of this union, there is no presumption of survivorship. This results in a rule that a claimant must establish the fact of survivorship, as a condition precedent to his right to recover the property; and only that party can succeed whose right is not dependent upon such a condition. The English law, refusing to follow the presumptions of the civil law, deems the relative order of dissolution, in the absence of proof, as unascertainable in law as it is in fact. *Wing v. Angrave,* 8 H. L. Cas. 182; *Underwood v. Wing,* 24 L. J. (N. S.) Ch. 293 (19 Beav. 459). Likewise, it is a rule quite universally adopted by our courts that survivorship is a fact to be proved by the party asserting it. *Fuller v. Linzee,* 135 Mass. 468; *Johnson v. Merithew,* 80 Maine 111; *Supreme Council of Royal Arcanum v. Kacer,* 96 Mo. App. 93 (69 S. W. 671); *Newell v. Nichols,* 12 Hun (N. Y.) 604;

3. DESCENT AND DISTRIBUTION: surviving spouse: instantaneous death: effect.

*Graybill v. Brown,* 194 Iowa 290.   The majority rule also holds
that there is no presumption as to simultaneous or co-instan-
taneous death.   *Cowman v. Rogers,* 73 Md. 403; *Dunn v. New
Amsterdam Cas. Co.,* 141 App. Div. 478 (126 N. Y. Supp. 229);
*Johnson v. Merithew,* supra; *Smith v. Croom,* 7 Fla. 81; *Hilden-
brandt v. Ames,* 27 Tex. Civ. App. 377 (66 S. W. 128);
*United States Cas. Co. v. Kacer,* 169 Mo. 301 (69 S. W. 370).
See, also, Lawson's Law of Presumptive Evidence 298; 8 Ruling
Case Law 716, Section 12 *et seq.*   Apparently there are but
few cases to the contrary.   *Kansas Pac. R. Co. v. Miller,* 2 Colo.
442; *Balder v. Middeke,* 92 Ill. App. 227; *Walton & Co. v. Bur-
chel,* 121 Tenn. 715 (121 S. W. 391).   However, before the crys-
talization of the majority rule, cases may be found holding that
the law did presume the co-instantaneous death of the *com-
morientes;* and the law of England wavered doubtfully before
taking final form.   In 1784, Lord Thurlow decided that, if two
persons, being joint tenants, perish by one blow, the estate will
remain in joint tenancy in their respective heirs.   *Bradshaw v.
Toulmin,* 2 Dickens 633.   So in the case of *Wright v. Sarmuda,*
2 Phillimore 266 (Note c), it became important to know whether
a father or his children longer survived the perils of a ship-
wreck.   The judge deemed it "the most rational presumption
that all died together, and that none could transmit rights to
another."

See, also, *Durrant v. Friend,* 5 De Gex & Smale 343.   The
later English cases adopted the rule of no presumption.

The decisions of some courts are careless in their ex-
pressions on this point; but the well considered cases clearly
show that, under the rule of the common law, there is no
presumption of law whatsoever on this subject, and that the
law will no more presume that all died at the same instant
than it will presume that one survived the other.   Whatever
confusion exists, arises by reason of the attempt to formulate
a rule which the courts have deemed necessary for the due
administration of the law; and since the practical result in
nearly every case is that the property finds disposition *as
though* the deaths had occurred at the same instant, the result
is stated as a premise by rule of presumption, or else viewed

as having the same consequence as a presumption. It is said in *Supreme Council of Royal Arcanum v. Kacer*, supra:

"The rule * * * that the property shall be disposed of as though all the deceased persons through whom the litigants claimed died at the same instant, unless there is proof to show otherwise, has all the consequences of a presumption of simultaneous death."

In *Walton & Co. v. Burchel*, supra, the Supreme Court of Tennessee fails to make the distinction, and it is said:

"In the absence of evidence as to which died first, there is no presumption in favor of either, the presumption being that both died at the same time. In such case, the question of actual survivorship is regarded as not capable of determination, and descent and distribution take the same course as if the deaths had been simultaneous."

Even if it be conceded that a result may be reached as though the presumption of synchronous death existed, it does not follow that a presumption exists; and it is logically erroneous to hold that such a presumption and an entire absence of presumption are convertible expressions.

In *Young Women's Christian Home v. French*, 187 U. S. 401 (47 L. Ed. 233), the Supreme Court of the United States said:

"The rule is that there is no presumption of survivorship in the case of persons who perish by a common disaster, in the absence of proof tending to show the order of dissolution, and that circumstances surrounding a calamity of the character appearing on this record are insufficient to create any presumption on which the courts can act. The question of actual survivorship is regarded as unascertainable, and descent and distribution take the same course as if the deaths had been simultaneous."

In *McGowin v. Menken*, 223 N. Y. 509 (119 N. E. 877, 5 A. L. R. 794), it was held that, where two people die in a common disaster, there is no presumption either of survivorship or simultaneous death; but the burden of proof is upon the party who asserts the claim. To the same effect is *Cedergren v.*

*Massachusetts Bond. & Ins. Co.*, 292 Fed. 5 (C. C. A., 8th Circuit), in which the court said, speaking through Kenyon, J.:

"As this record stands, is it proven that Magnus Peterson survived his wife? There is absolutely no evidence bearing on the question. All the evidence shows is that both went down on the same boat, in the same storm. Is the situation aided by any presumption?"

The question was answered in the negative. See, also, *Fitzgerald v. Ayres*, (Tex. Civ. App.) 179 S. W. 289; *In re Willbor*, 20 R. I. 126 (37 Atl. 634).

It may be observed that, under the English rule, when the claimant cannot establish a survivorship, if a gift over exists, it fails, and the property passes into the residuum, or by intestacy. *Elliott v. Smith*, 22 Ch. Div. 236; *Wing v. Angrave*, supra.

However, in the United States the courts, in construing a will providing for a gift over (if the primary legatee "die before I do"), respect the obvious intention of the testator; and if for any reason the primary beneficiary cannot take the property, the gift over prevails. *Young Women's Christian Home v. French*, supra; *St. John v. Andrews Inst.*, 191 N. Y. 254 (83 N. E. 981); *Fitzgerald v. Ayres*, supra. The American rule is not only sound, but inherently just, and carries out the intention of the testator, which all courts strive to do in construing a will. In *Dunn v. New Amsterdam Cas. Co.*, supra, the administrator of a person who had taken out an accident insurance policy payable to her sister, or, in the event of the latter's prior death, to the legal representatives of the insured, brought suit upon it for the indemnity. It appears that the insured and her sister perished in the same disaster, and there was no evidence of survivorship. Finding in the instrument an intention on the part of the insured to give the proceeds to her legal representatives, in the event of her sister's inability to take, the court held, and properly so, that the latter's survivorship was a condition precedent to her right under the policy, and, in accordance with the rule that one relying on survivorship must prove it, awarded the money to the plaintiff. In cases of this character, the wording of the

policy is controlling; and it is generally obvious in such cases that the object of the insured in taking out the policy and in designating an alternative beneficiary was to provide for some dependent; and the courts endeavor to read the contract so as to respect the intention of the insured. *Paden v. Briscoe,* 81 Tex. 563; *Southwell v. Gray,* 35 Misc. (N. Y.) 740. Some courts, in determining the burden of proof, place emphasis on the question whether or not the beneficiary's right is a vested one. *Males v. Sovereign Camp W. O. W.,* 30 Tex. Civ. App. 184; *Middeke v. Balder,* 198 Ill. 590. A vested right, however, means nothing more than that it is beyond the power of the insured or the insurer to deprive the beneficiary of it; but it does not mean that he can assert a claim otherwise than in accordance with the terms prescribed in the policy; nor does the vested character of the right dispense with the necessity of proof on the part of the beneficiary of any condition which the insured stipulated should happen before the beneficiary could obtain the proceeds.

We conclude, therefore, despite occasional statements to the contrary, that it is well established by judicial precedent that there is no presumption of survivorship as to any person or persons who suffer death in a common disaster. It is equally clear on authority that there is no presumption that all died at the same time. Conflict of statement in judicial opinion exists. This arises from the attempt to discover and express the legal principle involved, by rule of logic. A court is confronted in every case of this character by a concrete problem. In the absence of presumption, how shall the property be distributed? Burden of proof and presumption are distinct legal concepts. The court recognizes in the first instance a rule as to the burden of proof, and that rule is well defined. It happens that he who has the onus fails. What then is to be done? The property is still before the court, awaiting distribution, and is subject to judgment and decree of court. The probative facts disclose that the parties are dead, but not the order of death. We cannot adopt the indirect method of proof, or method by exclusion, as known to logic. For example, we may prove indirectly that A equals B, when it is

known that there are three possible conditions: (1) A is greater than B; (2) A is less than B; (3) A equals B. By proving (1) and (2) false, (3) is established. This method of reasoning is called *reductio ad absurdum,* since every contradiction of the conclusion leads to an absurdity. In the instant problem we recognize three conditions or possibilities: (1) A died before B; (2) B died before A; (3) A and B died at the same instant. The trouble is, we have not eliminated (1) and (2) by proof; and since it is necessary to establish either that B survived A, in order that title may vest in B, or that B died before A, in order that the right of substitution of B's heirs may exist, under the rule of statute, upon the failure of proof there is neither devolution under the statute of descent nor substitution under the statute governing a devise which attempts to prevent a lapse under the rule of common law. *Downing v. Nicholson,* 115 Iowa 493; *Herring v. Herring,* 187 Iowa 593; *Anderson v. Anderson,* 181 Iowa 578. The situation is met: (1) by the minority rule, "the presumption being that both died at the same time" (*Walton & Co. v. Burchel,* supra); or (2) by the rule stated by the Supreme Court of Missouri, that it "has all the consequences of a presumption of simultaneous death" (*Supreme Council of Royal Arcanum v. Kacer,* supra); that survivorship is regarded as unascertainable, and "descent and distribution take the same course as if the deaths had been simultaneous." *Young Women's Christian Home v. French,* supra. The latter rule, if it may be termed a rule, is generally accepted, and in fact accomplishes the result in the majority of instances.

The instant plaintiff alleged heirship and his survivorship. That is sufficient, and his proof is coextensive with his allegations. The general statute of descent and distribution is a rule of public policy. It is a statutory incident of the right of private property on which the individualistic theory of our society is primarily based. It recognizes that kin is to be preferred to strangers in the descent of property. The heirs of the testator take their title directly from him,—the person who had title at the time of the disaster. Their claim of title, therefore, is made out by proving his death and their own survivor-

ship. In the last analysis, we are thrown back upon the statement that survivorship must be proved by the party asserting it, which simply means that he who has the burden must, in the absence of sufficient evidence, fail. We will not pursue the inquiry further, but refer the reader to the exhaustive notes and comments by Professor C. B. Whittier in an article entitled "Problems of Survivorship," printed in The Green Bag (Apr., 1904), Vol. XVI, No. 4, page 237. See, also, 5 Wigmore on Evidence (2d. Ed.) 542, Section 2532.

It results, therefore, in cases involving survivorship in which the record is barren of evidence to establish the survivorship of anyone, that the law treats the matter as incapable of being determined; and the party who is unable to bear the burden which the law imposes, fails in his claim, for want of evidence.

The statute (Section 11861, Code of 1924) does not offer a legislative solution of the problem confronting us. Appellants contend that it does. In answer thereto, appellee in effect moves the previous question. The statute provides:

"If a devisee die before the testator, his heirs shall inherit the property devised to him, unless from the terms of the will a contrary intent is manifest."

The intention of the testator to make a "gift over" is not involved. Does the statute afford any basis for the claim of the appellants to the right of substitution as the heirs of the devisee, Celia A. Carpenter? The language of the statute is unambiguous, and it is unnecessary to invoke any rule of statutory construction; nor do we think that legal psychology in the study of the legislative mind at the time of the enactment of this law will be in any way helpful. It is vital to the success of the appellants that they bring themselves within the terms of the statute. The condition prescribed is: "If a devisee die before the testator." The result defined is: "His heirs shall inherit the property devised to him." There can be but one issue. There is but one question. The answer must be found in the affirmative evidence required by the rule that he who asserts a claim must prove it. In the absence of evidence of survivorship, it must follow that the estate of each of the parties

would devolve upon his heirs respectively, as if the other had never existed. This is the natural corollary of the common-law rule, in the absence of proof of survivorship. It is quite apparent, therefore, that the distribution of the property in cases of this character rests ultimately upon a determination as to the incidence of the burden of proof. This is the material question. Having answered that the burden is upon him who asserts, we ask, upon the conclusion of the testimony, has the burden been met? The heirs of the primary devisee being unable to prove the condition necessary to sustain their claim under the will, as governed by the statute, the claim is eliminated, for the reason that the predecease of the primary beneficiary by the terms of the statute is a condition precedent to the right of the alternative devisee (statutory substituted heirs) to take at all.

For the reasons indicated, the judgment and decree entered by the trial court is—*Affirmed.*

All the justices concur.