KATHERINE P. WILSON, ADM'X

*vs.*

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA.

Cumberland.      Opinion May 4, 1933.

64

*Skillin, Dyer & Payson,*
*Harry C. Libby,* for plaintiff.
*Charles J. Nichols,* for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, JJ.

DUNN, J. This case is presented on a report. The facts are agreed. The action is on three policies of insurance issued by the defendant company on the life of Harry T. Wilson. Each policy is payable to the executors or administrators of the insured upon due proof of his death during the continuance of the policy.

. Wilson deserted his wife, who, in her representative capacity as administratrix, is plaintiff in this action, on March 4, 1921. He left Pownal, the town of his domicile and of the family home, in his automobile, which is shown as under chattel mortgage. He was accompanied by another man's wife. The agreed statement recites that she was not a relative of his, either by blood or marriage, nor related to his own wife. The two went to Lynn, Massachusetts, where the automobile was sold. Next, the woman writes the deserted wife, from Los Angeles, California. The letter bears date May 10, 1921 ; it was one week in transit. The writer said she did not "really know where he (Harry) went" from Lynn, but that "he talked most favorably of the north and possibly Canada." No other information respecting the whereabouts of her husband appears to have been received by Mrs. Wilson. His brothers and sisters have heard nothing from him, nor has his pastor. His parents are dead. Any further inquiry is not stated.

When the insured disappeared, he was almost thirty-eight years old. The mortality tables give a person of that age a life expectancy of twenty-nine years.

Premiums on the insurance policies were payable weekly. The insured himself paid none after going away. Payments by his wife, and extensions, kept two policies in force until June 1, 1930, and the third until November 1, 1931.

A statute provides that when a person entitled to, or having an interest in personal property of the value of at least twenty dollars, disappears — disappearance being followed by absence for at least seven years without being heard from — and the presumption of his death is alleged, letters testamentary, or of administration shall issue after notice and hearing. Laws of 1929, Chap. 95, R. S., Chap. 76, Sec. 23. The statute, besides validating payments to executors and administrators, fixes the rights of persons known to be living, in the estates of persons determined presumably dead.

The plaintiff was appointed administratrix of her husband's estate in proceedings under the aforesaid statute, by the Probate Court in his home county (Cumberland), on April 15, 1932. The Probate Court, it may be noted, has never adjudicated that Harry T. Wilson was actually dead. Actual death was not the subject-matter presented to that court.

The plaintiff offers no direct evidence of the death of the insured, relying upon the presumption of death arising from his absence, unheard from, or of, during more than seven years. The presumption of death has been said to be a genuine one. Wigmore, Evidence, Sec. 2531.

"Ordinarily, in the absence of evidence to the contrary, the continuance of the life of an individual to the common age of man, will be assumed by presumption of law. The burden of proof lies upon the party alleging the death of the person; but, after an absence from his home or place of residence, seven years, without intelligence respecting him, the presumption of life will cease, and it will be incumbent on the other party asserting it, to prove that the person was living within that time." Howard, J., in *Stevens* v. *McNamara*, 36 Me., 176, 178. See also, Woerner, Law of Administration, *444; Thayer, Preliminary Treatise on Evidence, 319; Stephen, Evidence, 149; Wigmore, Evidence, *supra*; 2 Chamberlayne, Modern Law of Evidence, p. 1347; Jones, Commentaries on Evidence, 302; 17 C. J., 1167; *Loring* v. *Steineman*, 1 Met., 204; *Davie* v. *Briggs*, 97 U. S., 628, 24 Law ed., 1086. The following cases also support the general rule that a presumption of death arises in the case of one who is absent, and from whom no tidings have been received for the full period of seven years: *White* v. *Mann*, 26 Me., 361; *Kidder* v. *Blaisdell*, 45 Me., 461, 467; *Went-*

*worth* v. *Wentworth*, 71 Me., 72; *Johnson* v. *Merithew*, 80 Me., 111, 13 A., 132. As it is usual for living persons to be heard from, directly or indirectly, by persons having an interest in them, the lack of any news indicates their non-existence. Wigmore on Evidence, Sec. 158. Such indication shifts the duty of producing evidence to the opponent.

The presumption of death is by no means of equal strength at all times and in all situations. *Hyde Park* v. *Canton*, 130 Mass., 505, 509. See too, *Chapman* v. *Kimball*, 83 Me., 389, 22 A., 254. It is not to be rigidly observed without regard to the conditions under which departure from home took place. Each case must depend upon its own facts. These may, with reason, account for absence and silence without the hypothesis of death. Talbot, Pet'r, 250 Mass., 517, 146 N. E., 1. The rule is to be applied with caution, and it has limitations. Matter of Wagener, 128 N. Y. S., 164. Of course, there may be a strengthening of the rule. *Chapman* v. *Kimball*, supra. Circumstances may justify a finding of death before, or they may be such as to give rise to no such presumption, either at or after the expiration of seven years. Matter of Wagener, *supra*.

The issue of importance that the plaintiff must ultimately establish, by a fair preponderance of all the evidence, in this case, is the death of the insured. The facts disclosed, and the things attending the central act of leaving his home, warrant a finding that the death of Harry T. Wilson has not been proved.

According to the terms of the report, the mandate must be,

*Judgment for defendant.*