RUTH I. McKAY, ADM'X. OF THE ESTATE OF BERTRAM E. McKAY

*vs.*

NEW YORK LIFE INSURANCE COMPANY.

York.   Opinion, January 22, 1947.

*Daniel F. Armstrong,* for plaintiff.

*Verrill, Dana, Walker,*

*Philbrick & Whitehouse,* for defendant.

SITTING: STURGIS, C. J., THAXTER, MURCHIE, TOMPKINS, FELLOWS, JJ. AND MANSER, ACTIVE RETIRED JUSTICE.

TOMPKINS, J. This is an action to recover the proceeds of a policy of insurance on the life of Bertram E. McKay issued by the defendant. The defendant demurred specially to the declaration for the following reasons: first, because in the declaration, the plaintiff states that the insurance on the life of the plaintiff's intestate, Bertram E. McKay, for which the plaintiff's action is brought, expired on August 28, 1939, yet the plaintiff in her declaration does not allege that the said Bertram E. McKay died prior to August 28, 1939. Second: because the plaintiff in her declaration states that said insurance was payable to the defendant upon due proof or notice of the death of the insured yet in her declaration she does not allege that due proof or notice of his death has been given.

This case comes up on exceptions by the plaintiff to the order of the presiding justice sustaining the demurrer and ordering judgment for the defendant.

The plaintiff alleges in her writ that the policy of insurance was dated the 31st day of December 1931, and issued to Bertram E. McKay, now deceased. One of the conditions of the policy was that the company would pay at the defendant's office in New York or through its agents in the State of Maine, to the executors or administrators or assigns of the late Bertram E. McKay immediately upon due proof or notice of his death. The insured paid the premiums up to September 22, 1936, when the policy lapsed for nonpayment of premiums. At the date of the lapse the policy had sufficient value to purchase term extended temporary insurance in the amount of $1,969.00, which insurance expired on August 28, 1939.

While the temporary insurance was in full force the said

Bertram E. McKay disappeared. He vanished from his home on the 27th day of November 1938, and from that time until the bringing of the action had not been heard from or seen by any member of his family or his friends, and due and reasonable search had been made by the plaintiff to ascertain his whereabouts. The plaintiff alleges that thereupon said policy became due and payable to her. The plaintiff in her writ did not allege any date of the death of the insured previous to August 28, 1939, nor that due proof or notice of death had been furnished to the defendant. The writ is dated January 28, 1946.

The defendant claims that either the omission to notify the company of death, or due proof thereof, or the failure of the plaintiff to allege that the death of the insured occurred prior to the date of the expiration of the policy, is a fatal defect in the declaration. The plaintiff relies upon the seven years unexplained absence to establish the death of the insured. The law as to the presumption of death from seven years unexplained absence we have adopted from the common law.

"There is a conflict of authorities as to whether the presumption of death from absence raises any presumption as to the precise time of the death of the absent person. . . . However, the view generally obtaining in England and followed by the great weight of authority in the United States is to the effect that in the case of the unexplained absence of a person for seven years the law raises no presumption as to the precise time of his death. The presumption is only that the person is dead at the end of the seven years, but such presumption does not extend to the death having occurred at the end of any particular time within that period, and leaves it to be judged of as a matter of fact according to the circumstances which may tend to satisfy the mind that it was at an earlier or later date."

*Wilson Admr.* v. *The Prudential Life Ins. Co. of America*, 132 Me., 63, 166 A., 57; *Johnson* v. *Merrithew*, 80 Me., at page 115,

13 A., 132, 6 Am. St. Rep., 162; *Davis* v. *Briggs*, 97 U. S., 628, 24 L. Ed., 1086; Vol. 14 Am. Jur., Death, par. 34 and cases there cited.

"A presumption of death from seven years absence and undiscoverable whereabouts does not relate back to the date of the absentee's disappearance in the absence of evidence on the subject."

*Ferris* v. *American Insurance Union*, 245 Mich., 548, 222 N. W., 744, 65 A. L. R., 1033; 75 A. L. R., 633, 16 Am. Jur., Death, par. 35.

Under the established rules of common law pleading in civil actions the plaintiff's declaration must state a good cause of action and contain a clear and distinct averment of the facts which constitute the cause of action. It must set them out with that degree of certainty of which the nature of the matter pleaded reasonably admits in order that they may be understood by the party who is to answer them, by the jury who are to ascertain the truth of the allegations and by the court that is to give judgment. *Sessions* v. *Foster*, 123 Me., 466, 123 A., 898; *Ferguson* v. *National Shoemakers*, 108 Me., 189, 79 A., 469; *Foster* v. *Beaty*, 1 Me., 304.

One of the essential facts to be established by the plaintiff and to be found by the jury is that the insured died prior to August 28, 1939. The aid the plaintiff derives from the seven years absence and lack of information is not by way of presumption at the end of the seven years period that her husband is dead, which would be the all important fact if her case depended entirely on his death having occurred before the suit was filed, but as the facts stand it does not help her at all inasmuch as recovery depends on his being dead prior to August 28, 1939.

"It is an elementary principle of the law of pleading that there must be an allegation in the declaration of the time

any material or traversable act took place. If no time should be stated the declaration would be ill on demurrer."

*Andrews* v. *Thayer,* 40 Conn., 157; Vol. 1, 7th Ed. Chitty on Pleading, par. 272. The vital fact that the insured died on a date previous to the 28th day of August 1939, within the life of the policy, is not alleged in the declaration. Time of death of the insured was a material allegation of one of the facts which constituted the cause of action. The defendant claims this omission is fatal to the sufficiency of the plaintiff's declaration. In *Bradley* v. *Modern Woodmen of America,* 146 Mo., Appeals 428, 124 S. W., 69, the court said in substance, in a case similar to the one under discussion where this vital allegation was missing, that inasmuch as the policy involved lapsed shortly after the disappearance of the insured, the declaration was insufficient because it failed to aver the death of the insured prior to the lapse of the policy. We think this ruling correct because the presumption of death arising from the seven years absence raises no presumption of the time of death, according to the great weight of authority.

The second ground of demurrer urged by the defendant is that the declaration stated that the policy was payable to the defendant upon due proof or notice of death. The declaration nowhere alleges that due proof or notice of death had been given. The purpose of the proof of death is to enable the insurer to form an intelligent estimate of its rights and liabilities under the contract. A cause of action does not arise until proof or notice of death is furnished. *Griffin* v. *Northwestern Mutual Life Insurance Company,* 250 Mich., 185, 229 N. W., 509. Under the usual clause in a policy of life insurance requiring notice and proof of death of insured, and providing the company will pay within a specified time thereafter, such notice and proof are conditions precedent to recovery, unless the company has waived the provisions or the circumstances are such as to excuse noncompliance therewith. 37 Corpus Juris, Life Insurance, par. 309, and cases there cited.

No facts are pleaded showing a waiver or excuse for non-compliance with the conditions precedent. The money is only recoverable on the performance of certain acts by the plaintiff and the existence of certain facts. These acts and the existence of these facts must be alleged.

*Exceptions overruled.*
*Demurrer sustained.*
*Case remanded for entry of*
*Judgment for Defendant.*