ANDREW C. McGOWIN, as Administrator of the Estate of FRANK B. TESSON, Deceased, Respondent, *v.* S. STANWOOD MENKEN, as Administrator of the Estate of ALICE E. TESSON, Deceased, Appellant.

Insurance (life) — insurance payable to wife of insured if living; if not, to his executors, administrators or assigns — death of insured and his wife in same disaster at sea — administrator of wife claiming proceeds of policies must prove survivorship of wife, otherwise proceeds of policies go to representatives of the insured.  ·

Where life insurance policies were payable upon the death of the insured to his widow if living; if not, then to his executors, administrators or assigns, the survivorship of the wife was a condition precedent to her taking, and where the insured and his wife were both lost at sea at the same time the administrator of the wife is not entitled to the insurance in the absence of proof that she survived the insured. In case of the death of two or more persons in a common disaster, there is no presumption either of survivorship or simultaneous death. Hence, the burden of proving survivorship rests upon the administrator of the wife, since his claim is through her, and, being unable to make such proof, the proceeds of the policies go to the representatives of the insured, who take under the policies and not under a survivorship.

*McGowin* v. *Menken*, 177 App. Div. 841, affirmed.

(Argued May 16, 1918; decided May 28, 1918.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered June 1, 1917, in favor of plaintiff upon the submission of a controversy under section 1279 of the Code of Civil Procedure.

The nature of the controversy, and the facts, so far as material, are stated in the opinion.

*R. B. Knowles, C. Ames Brooks* and *William C. Armstrong* for appellant.  The burden rests upon any one other than Alice E. Tesson, the primary beneficiary, or her estate claiming the proceeds of these policies to prove

that she was not alive at the time of the death of her husband. (*E. L. Ins. Co.* v. *Clements*, 140 U. S. 226; *Cowman* v. *Rogers*, 73 Md. 403; *Y. W. C. Home* v. *French*, 187 U. S. 401; *U. S. Casualty Co.* v. *Kacer*, 169 Mo. 301; *Chadsey* v. *Guion*, 97 N. Y. 333; *Sturm* v. *Baker*, 150 U. S. 312; *Hildenbrandt* v. *Ames*, 27 Tex. Civ. App. 377.) If neither beneficiary is able to sustain the burden of·proof, the express designation fails and the court must award the fund to those whom the insured intended, by implied designation, to protect. (*Lehman* v. *Lehman*, 215 Penn. St. 344; *Atkins* v. *Atkins*, 70· Vt. 565; *Voss* v. *Life Ins. Co.*, 119 Mich. 161; *Hooker* v. *Sugg*, 102 N. C. 115; *Smith* ·v. *Met. Life Ins. Co.*, 222 Penn. St. 226; *McMaster* v. *N. Y. L. Ins. Co.*, 183 U. S. 25; *Southwell* v. *Gray*, 35 Misc. Rep. 740; *Matter of Fowles*, 176 App. Div. 637; 95 Misc. Rep. 46; *Metcalf* v. *Framingham*, 128 Mass. 370.)

*James G. Dale* and *George L. Shearer* for respondent. There is no presumption of survivorship or simultaneous ·death in the case of persons who perish in a common disaster. The policies in this case having been ·made payable " to his wife, Alice N. Tesson, if living; if not, then to the assured's executors, administrators or assigns," the burden of proof is upon her administrator to prove her survivorship. In the absence of proof of that fact, the question of actual survivorship is regarded as unascertainable; descent and distribution take the same course as if the deaths had been simultaneous, and the proceeds of such policies are, therefore, payable to the administrator of Frank B. Tesson, deceased. (*Newell* v. *Nichols*, 75 N. Y. 78; *Middeke* v. *Balder*, 198 Ill. 590; *Russell* v. *Hallett*, 23 Kan. 276; *Young Women's Christian Home* v. *French*, 187 U. S. 401; *Dunn* v. *N. A. Casualty Co.*, 141 App. Div. 478; *Southwell* v. *Gray*, 35 Misc. Rep. 740; *Lane* v. *Demets*, 59 Hun, 462; *Waldheim* v. *John*

*Hancock Mutual Life Ins. Co.*, 8 Misc. Rep. 506; *Cole v. Knickerbocker Life Ins. Co.*, 63 How. Pr. 442; *Fuller v. Lindsay*, 135 Mass. 468.)

McLaughlin, J. Frank B. Tesson and his wife, Alice E., were lost at sea on the 7th of May, 1915, when the *Lusitania* was sunk. At the time of his death he held three policies of insurance upon his life, issued by the Equitable Life Assurance Society of the United States, each payable, upon his death, to his widow, if living; if not, then to his executors, administrators or assigns, with the right on his part to change the beneficiary if he so desired. The respective administrators of the estates of Mr. and Mrs. Tesson claimed the proceeds of these policies. The assurance society, desiring to be relieved from liability, paid the money into court and the administrators thereupon, upon an agreed statement of facts, submitted their respective claims to the Appellate Division, which held that Mr. Tesson's administrator was entitled to such fund. Judgment was rendered to this effect, from which Mrs. Tesson's administrator appeals to this court.

In case of the death of two or more persons in a common disaster, there is no presumption either of survivorship or simultaneous death. (*Newell* v. *Nichols*, 75 N. Y. 78; *St. John* v. *Andrews Institute*, 117 App. Div. 698; affd., 191 N. Y. 254.) In the submission the parties agreed it cannot be proved which one survived the other. Under such circumstances, by the express terms of the policies, the proceeds belong to the husband's estate. Mrs. Tesson's right thereto depended upon her surviving her husband. The provision in each policy is that the society will pay, upon receiving proof of the death of Mr. Tesson, " Five Thousand Dollars * * * to his wife Alice E. Tesson, if living; if not, then to the assured's executors, administrators or assigns." Sur-

vivorship of the wife, therefore, was a condition precedent to her taking. Had her administrator brought an action against the society he would have had to prove, in order to recover, not only the issuance of the policies, but the death of Mr. Tesson prior to that of his wife. Failing in this, a recovery could not have been had. The same result follows, so far as the claim of her estate is concerned, from the submission. The burden of proving survivorship rests upon her administrator, since his claim is through her. Not being able to make such proof, the proceeds go, as the parties obviously intended they should when the policies were issued, to the representatives of the insured, who take under the policies and not under a survivorship. (*Dunn* v. *New Amsterdam Casualty Co.*, 141 App. Div. 478; *Fuller* v. *Linzee*, 135 Mass. 468; *Hildenbrandt* v. *Ames*, 27 Tex. Civ. App. 377.)

In the Massachusetts case the insurance company promised to pay the sum insured to the wife or assigns within ninety days after due notice and proof of death of the husband and in case she should die first, then the amount of the insurance should be payable to their children. The husband, wife and all of the children were lost at sea and there was no direct evidence as to which survived the other. The court held that the interest of the wife, under the policy, was contingent upon her surviving her husband and that neither her assigns nor personal representatives could show any right to the insurance money, except upon proof of such survivorship.

In reaching the conclusion that the estate of Mrs. Tesson is not entitled to the proceeds of the policies, *U. S. Casualty Co.* v. *Kacer* (169 Mo. 301) has not escaped my attention. The decision in that case seems to have been put upon the ground that the beneficiary had a vested interest, subject to being divested by death

prior to the insured, and for that reason the court held that the burden was upon the representatives of the insured to prove his survivorship. I have been unable to adopt the reasoning which led the court to that conclusion. There, the policy was payable to the beneficiary if living at the time of the death of the insured, who did not have the right to change the beneficiary. In this respect the case is distinguishable from the one now before us. Mrs. Tesson did not have a vested interest. All she had was an expectancy, subject to be defeated by the assured's designating another beneficiary, or failure on her part to survive him. (*Lane* v. *De Mets,* 59 Hun, 462.)

I am of the opinion that the judgment of the Appellate Division is right and should be affirmed, with costs.

HISCOCK, Ch. J., CUDDEBACK, CARDOZO, POUND, CRANE and ANDREWS, JJ., concur.

Judgment affirmed