MARY C. MAHONY, Plaintiff, *v.* HENRY W. EATON et al.,
Defendants.

Supreme Court, New York County, May, 1924.

Insurance — life insurance — assignment to trustees for benefit of creditors of insured's "real, personal and mixed property of whatever nature, legal, equitable or otherwise"— said assignment signed by debtor and wife who was beneficiary effected assignment of life insurance policy — beneficiary, not having been changed, is entitled to proceeds.

The assignment to trustees for benefit of creditors of the insured's "real, personal and mixed property of whatever nature, legal, equitable or otherwise," effected an assignment of a life insurance policy in which the wife of the insured was named as beneficiary, though the policy was not mentioned in the assignment and neither the wife who joined in the assignment or the trustees had knowledge of the existence of the policy when the deed of trust was executed.

Assuming that such assignment carried with it the right of the assignees to change the beneficiary pursuant to the terms of the policy, this right had not been exercised at the time of the death of the insured and, therefore, his wife, the beneficiary named in the policy, is entitled to the proceeds thereof.

MOTION by plaintiff for judgment on the pleadings.

*Phillips, Liebell & Fielding (Warren C. Fielding,* of counsel), for the motion.

*Alexander & Green (Peter C. Mann,* of counsel), for the Equitable Assurance Society.

*Phillips & Avery (Earl A. Darr,* of counsel), for the defendants Eaton and Howland.

*Vincent S. Lippe,* for defendant Brady, opposed.

O'MALLEY, JAMES, J. This is a motion for judgment on the pleadings. All essential facts necessary to a final disposition of the action are conceded, and counsel in their memoranda indicate a desire to have the motion disposed of as if on an agreed statement of facts.

The plaintiff was the beneficiary named in an insurance policy on the life of her deceased husband, Daniel F. Mahony. The proceeds of this policy are claimed by individual defendants, who were trustees for the benefit of creditors of the insured. The defendant insurance company is willing to pay the net proceeds to such party as the court may direct.

The insured died on December 23, 1923. On May 9, 1923, he had executed the deed of trust to the defendants Henry W. Eaton, Francis N. Howland and Frank X. Brady. By this deed he transferred to his trustees all his "real, personal and mixed property of whatsoever nature, legal, equitable or otherwise," specifically mentioning certain parcels of real estate and certain personal property.

In this agreement the plaintiff, Mary C. Mahony, also joined. At the time the plaintiff, in addition to her inchoate right of dower in the real estate of her husband, held the record title to a parcel of real estate deeded to her by her husband shortly prior to the date of the trust agreement, and also certain shares of stock of a corporation which held title to real property concededly belonging to the deceased. Daniel F. Mahony, Jr., the son of the insured and of the plaintiff, likewise joined in the execution of this deed of trust. At the time certain stock of the Bank of Washington Heights, admittedly the property of Daniel F. Mahony, was in the son's name.

The policy in question was taken out by the insured on December 15, 1902. It was for $10,000. The plaintiff was designated beneficiary, and no change in this designation had been made prior to the execution of the deed of trust, or prior to the death of the insured.

Under the policy the insured reserved to himself the right to change the beneficiary by virtue of the following clause: " This policy is issued with the express understanding that the Assured may, from time to time during its continuance, change the beneficiary or beneficiaries, by filing with the Society a written request duly acknowledged, accompanied by this policy, such change to take effect upon the endorsement of the name on the policy by the Society, provided this policy has not been assigned and notice of such assignment recorded on the books of the Society, or if assigned that all assignments shall have been duly cancelled or released on the books of the Society."

Prior to the death of the insured he had borrowed on the policy, and in connection with his loans had delivered the policy to the defendant insurance company. At the time of the execution of the deed of trust these loans had not been paid and the policy was then in the possession of the company. This situation obtained at the date of the death of the insured, at which time it is conceded that the sum of $4,956.11 was due and payable under the policy.

As already appears, the policy was not mentioned in the deed of trust, nor is there any evidence tending to show that either the plaintiff or the defendant trustees had knowledge of its existence when the deed of trust was executed. The defendant trustees never had possession of the policy, nor did they take any steps after the deed of trust was executed to have a new beneficiary designated.

It is the claim of the defendant trustees that the deed of trust transferred to them not only all the rights of the insured in the policy, but also all rights of the plaintiff. The plaintiff, on the other hand, contends that neither she nor the insured surrendered any of their rights in the policy to the defendant trustees; and that in any event the rights of the plaintiff as beneficiary have been wholly unaffected by the trust agreement.

I am of the opinion that the trust agreement effected an assignment of the insured's rights in the policy. But assuming for the purposes of this decision that such assignment carried with it the right of the assignees to change the beneficiary, this right had not been exercised by the defendant trustees at the time of the death of the insured. While up to that time the rights of the plaintiff as beneficiary thereunder were a mere expectancy, subject to be defeated by the designation of a new beneficiary in the manner provided in the policy, or by her death prior to the death of the insured (*McGowin* v. *Menken*, 223 N. Y. 509; *Schoenholtz* v. *N. Y. Life Ins. Co.*, 234 id. 24), as neither of these contingencies had occurred, I am of opinion that the plaintiff's rights as beneficiary have not

been affected. Assignment and change of beneficiary " are not the same, but different things." *Mutual Ben. Life Ins. Co.* v. *Swett*, 222 Fed. Rep. 200, 205.

There is no evidence tending to show fraud on the part of the plaintiff or that she concealed from the trustees at the time that she joined in the trust agreement the existence of the policy. Moreover, there appears to have been ample reason for her having been a party to the trust agreement by reason of her inchoate right of dower in the real estate of the insured and by reason of the fact of her record ownership of other of his real and personal property. In *Mutual Ben. Life Ins. Co.* v. *Swett, supra,* relied upon by the defendants, it is to be noted that the policy itself was the sole subject of the assignment, and that the wife, the beneficiary herself, assigned all her interest therein. My conclusion, therefore, is that the plaintiff is entitled to the net proceeds of the policy in question and to judgment. Settle order on notice.

Ordered accordingly; judgment accordingly.