FLEMING *et al.* v. GRIMES.*

(In Banc. March 1, 1926.)

[107 So. 420. No. 25310.]

1. DEATH. *There is no presumption one of persons dying in common disaster survived other.*

Where insured and beneficiaries under policy all died in a common disaster, there is no presumption that any one of deceased parties survived the other.

2. INSURANCE. *Interest in beneficiaries does not vest except by death of insured, where policy reserves right in insured to change beneficiary.*

Under insurance policy, reserving the right to insured to change the beneficiary, interest in beneficiaries does not vest except by death of insured.

3. INSURANCE. *Heirs of insured are entitled to proceeds of policy reserving right in insured to change beneficiary, where insured and beneficiaries died at the same time.*

Where beneficiaries and insured died at the same time in common disaster, the heirs of insured would be entitled to proceeds of policy, which gave insured right to change beneficiary.

4. INSURANCE. *Interest of beneficiaries in policy reserving in insured right to change beneficiary never became vested, where insured and beneficiaries died at same time.*

Interest of beneficiaries, under policy reserving right in insured to change beneficiary, was contingent and personal and never became vested where insured and beneficiaries died at same moment.

5. COURTS.

Where insurance policy involved in suit is a New York contract, the decisions of that state are pertinent.

---

*Corpus Juris-Cyc. References: Death, 17 C. J., p. 1179, n. 82; Life Insurance, 37 C. J., p. 580, n. 52, 53, 58; Presumption of survivorship among those who perish in common calamity, see note in 51 L. R. A. 863; Disposition of life insurance, which, by terms of policy is dependent upon survivorship, where there is no presumption or proof of survivorship, see note in 5 A. L. R. 797; 8 R. C. L., p. 716; 2 R. C. L. Supp., p. 645; 4 R. C. L. Supp., p. 570.

APPEAL from chancery court of Clarke county.

HON. G. C. TANN, Chancellor.

Bill by Mrs. Effie Grimes, administratrix, against the Metropolitan Life Insurance Company of New York, wherein Archie Fleming, administrator, and others were interpleading. From a decree for plaintiff, Archie Fleming and others appeal. Affirmed.

*Neville & Stone, J. D. Fatheree* and *H. L. Miller,* for appellants.

The following provision of the insurance policy is the determining factor in this case; to-wit: "If any beneficiary shall die before the insured, the interest of such beneficiary shall vest in the insured." The insured reserved the right to change the beneficiary, but he never exercised this right, and all died in a common disaster. The question is whether the heirs of the insured or the heirs of the beneficiary are to take the proceeds of the policy.

The question involved has never been decided by this court. Our contention is that the administratrix of the insured cannot recover until she prove that both beneficiaries *died before* the insured. The *vesting* in the insured is made dependent upon the beneficiaries dying *before the insured.* We are here concerned with the simultaneous death of the insured and the beneficiaries.

It is conceded that under the common law there is no presumption of survivorship in case of the death of two or more persons in a common disaster. This being true, then, necessarily, the rights of the parties are to be determined by the provisions of the policy and not by presumption of law. The Supreme Court of Arkansas in the recent case of *Watkins* v. *Home Life & Accident Co.,* 208 S. W. 587, 5 A. L. R. 791, had before it the identical question here involved. The provisions of the policy in the Watkins' case were the same as the provisions in the policy in this case. Judge HART in writing for a unanimous court said:

"It is well settled at common law that when two or more persons perish in the same disaster, and there is no fact or circumstance tending to prove which survived the other, there is no presumption whatever on the subject. The law treats the case as one to be established by evidence and, in the absence of proof tending to show which one died first, all will be considered to have perished at the same moment, not because that fact is presumed, but because from failure to prove it the actual survivorship is unascertainable, *and property rights*

*must be settled as if death occurred to all at the same time.''*

In support of this proposition Judge HART cites the following cases: 8 R. C. L., p. .716; *Young Women's Christian Home* v. *French,* 187 U. S. 401, 47 L. Ed. 233, 23 Sup. Ct. Rep. 184; 1 Greenl. Ev. (16 Ed.), 30, p. 126; Lawson Presumptive Ev., p. 298; *U. S. Casualty Co.* v. *Kacer,* 169 Mo. 301, 58 L. R. A. 436, 69 S. W. 370, 92 Am. St. Rep. 641; *Re Wilbor,* 51 L. R. A. 863, and note 20 R. I. 126, 78 Am. St. Rep. 842, 37 Atl. 634; and *St. John* v. *Andrews Institute,* 191 N. Y. 254, 83 N. E. 981, 14 Ann. Cas. 708.

Judge HART then states that: ''The burden is always upon him who has the affirmative; and if he fails to discharge it with evidence legally sufficient for the purpose, he must suffer defeat . . . The authorities are divided upon the question of where the burden of proof lies in cases like this. In some of the cases it is held that the contract in policies like the one in the present case is made conditional on the beneficiary surviving, and that, there being no presumption in the case of death from a common disaster, that the beneficiary has survived the insured, the burden of proof is upon the representatives of the beneficiary because the conditional benefit becomes absolute only upon proof of actual survivorship. *Middeke* v. *Bolder,* 198 Ill. 590, 59 L. R. A. 653, 92 Am. St. Rep. 284, 64 N. E. 1002, and *Males* v. *Sovereign Camp W. O. W.,* 30 Tex. Civ. App. —, 70 S. W. 108.

''Other cases hold that the result is the same as though the insured died first, on the theory that the beneficiary did not die in the lifetime of the insured. *Cowman* v. *Rogers,* 73 Md. 403, 10 L. R. A. 550, 21 Atl. 64; *U. S. Casualty Co.* v. *Kacer,* 169 Mo. 301, 58 L. R. A. 436; 92 Am. St. Rep. 641, 69 S. W. 370, and *Faul* v. *Hulick,* 18 App. D. C. 9.''

Until it is shown that the beneficiary died in the lifetime of the insured, we think, according to the terms of the policy of insurance, the fund is payable to the rep-

resentative of the beneficiary, *because it is only in the
event of the death of the named beneficiary in the life-
time of the insured that the heirs of the insured can
take.*"

We submit that the reasoning of Judge HART in the
Hawkins case is sound and that this Arkansas decision
is supported by the decisions of the other courts cited.

*Wyatt Easterling* and *Victor W. Gilbert,* for appellee.

The representatives of the beneficiaries contend that
under the policy the burden of proof is on the representa-
tive of the insured to show that he outlived the benefi-
ciaries named in the policy, or that he outlived the bene-
ficiaries named in the policy, or that he survived them
in the tornado.

The sisters of the insured contend that when the facts
and circumstances are considered, it was the clear intent
and purpose of the insured in taking out the policy that
his wife and child should not have the right to take
thereunder unless they survived to enjoy and use his
benefaction; that unless they did survive to take and
enjoy the proceeds of the policy, it should then revert
to him and through him to the natural objects of his
bounty, his own blood, his heirs at law.

The courts practically agree that an insurance policy
is testamentary in its nature and should receive that
liberal construction that is applied to wills.

All life insurance policies have one primary and fun-
damental purpose and object: the protection of those
for whose benefit the insurance is procured after the
death of the benefactor or insured.

The courts unanimously hold that where the right is
reserved to change the beneficiary or to designate an-
other as *cestui que trust,* the beneficiary has no vested
interest until *after* the death of the insured. The policy
in this case reserved that right; and hence, the bene-
ficiaries never acquired a vested interest in the proceeds

of the policy unless they survived the insured. There-
fore, since the beneficiaries cannot claim under the policy
a *vested* interest *prior* to the death of the insured and
since under the record in this case they did not survive
him, the question of a vested interest is eliminated from
the case and the court must arrive at the intention of the
insured in taking out the policy and enforce that inten-
tion.

The only right a beneficiary has in an insurance policy
is a "mere expectancy." This expectancy is also con-
tingent upon other considerations and those are, as ex-
pressed by Judge McLAUGHLIN in the McGowen case here-
inafter reviewed, "subject to be defeated by the insured's
designating another beneficiary or failure on her part
to survive him."

The problem before the court is to arrive at the *in-
tention* of the insured in taking out the insurance; and
this is a matter of construction of the contract, as only
by construing the contract can the intention be deter-
mied. And that is why the Arkansas case is an Ishmaelite
among the decisions of the courts. The court there re-
fused even to *consider* the *real intention* of the insured
in procuring the insurance.

The insurance policy was a New York contract; and
while under our statute the policy must be construed as
a Mississippi contract, yet since the purpose of con-
struction is to arrive at intentions, it follows that the
courts of the state where policies are written must be
consulted in reaching that intention, since the policy is
written under the law of that state and in the light of
the construction placed on similar language in other like
contracts. See, therefore, 36 Cyc. 1156; *Dunn* v. *Amster-
dam Casualty Co.*, 126 N. Y. Supp. 229; *McGowin* v.
*Menken*, 223 N. Y. 509, 119 N. E. 877; *Fuller* v. *Linzee*,
135 Mass. 468; *Hildenbrandt* v. *Ames*, 27 Tex Civ. App.
377, 66 S. W. 128. The court will also find other New
York cases cited in the note in 5 A. L. R. 797.

As to whether the beneficiary has a vested interest in a life insurance policy reserving the right to change the beneficiary, has been put at rest in this state by *Lamar Life Ins. Co.* v. *Moody,* 122 Miss. 99; *Bank* v. *Hodges,* 132 Miss. 238.

We repeat that when the policy is taken by its four corners, the palpable and obvious intention of John A. Broadway was that his wife and child should have the proceeds of the policy only in the event they survived him; and if they did not, then the money should go to his estate. There is not the slightest intimation anywhere in the policy that any one other than his wife and child and his own estate should participate in the proceeds of the policy at his death.

In the able brief for the appellants, the Arkansas case of *Watkins* v. *Home Life & Accident Ins. Co.,* 5 A. L. R. 791, is their main support. There are three cases cited by Judge HART to sustain his position. In two of them, the Maryland case and the Missouri case, the courts distinctly held that the beneficiaries did have a vested interest in the proceeds of the policy *prior to the death* of the insured. These cases were, therefore, decided on the well-known doctrine that when a life insurance policy is issued without the right reserved to change the beneficiary that a change in beneficiaries cannot be made without the consent of the designated one. 37 C. J. 582, sec. 347. The third case cited, *Faul* v. *Hulick,* 18 App. D. C. 9, was appealed to the supreme court of the United States and reversed, and Judge HART could there have found a most illuminating opinion that might have had some influence on the Watkins case. The case in the supreme court is styled *Young Women's Christian Home* v. *French; Faul v. French,* 187 U. S. 401.

Judge HART in the exigencies of the argument cannot rest his Arkansas decision on the theory of a vested interest before the death of the insured, because his court has held otherwise; he cannot rest on the vested interest of the beneficiary after the death of the insured.

He, therefore, must rest his opinion on the fact that while the policy did in fact authorize a change of beneficiaries, no such right was exercised.

But the fallacy of the argument is at once apparent. The endorsement of the change of beneficiaries upon the policy is for the benefit of the insurance company and it has been so held by our own court in *Bank* v. *Hodges,* 132 Miss. 238. Judge HART concedes that an insurance policy is a contract and all contracts are to be construed. There is not a line in the opinion manifesting any effort to ascertain the intention of the insured in taking out the policy and the case in that respect stands alone. The case was decided solely on the literal language of the policy. Why should this case be so different in its results from every other case where similar language was used? Practically the same language was employed in the policy under review in *Paden* v. *Briscoe,* 81 Tex. 563, 17 S. W. 42.

Every case save the Arkansas decision where there was no vested interest involved, has taken the broad view and carried out the humanities by giving the policy that construction which would give effect to the real intention of the insured.

It is the desire and hope of every normal man that when his life work is done, his own blood, his own folks shall receive the reward of his labor and the fruit of his toil; and if his desires are otherwise, the state will give no recognition to them unless he has explicitly and in strict compliance with the forms of law expressed his intention and wish in his lifetime. Any one asserting to the contrary must assume the burden of showing a different intention than that which actuates the ordinary man.

Argued orally by *George Neville,* for appellants, and *Victor W. Gilbert,* for appellee.

HOLDEN, J., delivered the opinion of the court.

The suit is in equity, and the proceeds of a life insurance policy is the subject-matter of the litigation.

The question presented for our decision is whether the legal heirs of the beneficiaries in the policy shall take the proceeds, or whether the proceeds go to the heirs of the insured, where the beneficiaries and the insured all died in a common disaster, under a policy in which the right to change the beneficiary was reserved in the insured but not exercised by him, and it being impossible to prove otherwise than that all died at the same time.

The determination of the question is to be reached by the solution of the problem as to whether the burden of proof is upon the heirs of the beneficiaries or the heirs of the insured to show whether the beneficiaries died before, or survived, the insured, under the clause of the policy which provides that, "if any beneficiary shall die before the insured, the interest of such beneficiary shall vest in the insured."

It is conceded by all, and we so hold, that there is no presumption that any one of the deceased parties survived the other, in the absence of proof, and that all died at the same moment; so we thus put that question out of the way in the beginning.

The insurance company paid the proceeds of the policy into court, and the claimants proceeded with their cause to ascertain whom the impounded funds should go to; that is, whether the heirs of the insured or the heirs of the beneficiaries should take the funds. The chancellor considered the cause, and held that the burden of proof was upon the heirs of the beneficiaries to show that the beneficiaries survived the insured, whereupon the representatives of the beneficiaries excepted to the ruling of the court, and this appeal was prosecuted to settle the question as to the burden of proof.

The case arose in this way:

John A. Broadway, on the 27th day of February, 1924, took out a policy of insurance in the Metropolitan Life Insurance Company of New York, payable to his wife, Mrs. Clarice M. Broadway and his daughter, Effie I. Broadway, payable one-half to each. On the 27th day of

May, 1924, three months after the policy was issued, a tornado destroyed the home of the insured, and he and his wife and child were all killed. The policy of insurance was blown away and destroyed.

On the 27th day of December, 1924, Mrs. Effie Grimes, a sister of the deceased, and administratrix of his estate, filed her bill of complaint in the chancery court of Clarke county for discovery and also to have established and determined the contents and stipulations of said lost policy, and for a decree against the insurance company for the amount due under the policy. The insurance company answered, filed a copy of the policy, and interpleaded the representatives of the wife and child and the insured, and the insurance company paid the money into court and was discharged.

Mr. Broadway was twice married; the wife named in the policy was his second wife, and the child named was by his first wife. He had three sisters, who were his only heirs, Mrs. Effie Grimes, Mrs. Onie B. Thompson, and Mrs. Lora Harris. Administration on the estate of his wife was taken out by her people, and likewise an administration on the estate of his little girl, Effie. The representatives of the respective claimants propounded their claims to the impounded funds.

On the hearing, the chancellor held that the burden of proof was on the representatives of the estates of the beneficiaries, wife and child, and directed them to proceed to introduce their evidence, which they declined to do, whereupon the court rendered a decree that the impounded funds go to the heirs of the insured, since the representatives of the beneficiaries had no proof that the beneficiaries survived the insured. Now, if the chancellor was correct in this ruling, the case should be affirmed; otherwise it must be reversed so that the administratrix of the insured may introduce her evidence, if any, to show that the insured survived the beneficiaries.

The case turns largely, if not wholly, upon one clause in the policy which provides:

"This policy is written with the right of the insured to change the beneficiary. . . . If any beneficiary shall die before the insured, the interest of such beneficiary shall vest in the insured."

The representatives of the beneficiaries contend that under his clause of the policy the burden of proof was on the representative of the insured to show that he outlived the beneficiaries named in the policy, or that he survived them in the tornado; that, since there is no presumption as to who survived, the language in the policy, "if any beneficiary shall die before the insured," casts upon the representative of the insured the burden of proof as to the survivorship; that, even though the policy gave the insured the right to change the beneficiaries, and the assumption being that the insured and the beneficiaries each died at the same instant, in the absence of proof, the representatives of the beneficiaries took under it, even though the insured did not predecease them or either of them.

We may here dispose of one point involved in the above contention so as to clear the way for a decision of the main question in the case, and that is, we hold that under the decisions of this court there was no vested interest in the beneficiaries under the terms of the policy which reserved the right in the insured to change the beneficiary; that such interest did not, and could not, vest in the beneficiaries except by the death of the insured. *Lamar Life Ins. Co.* v. *Moody,* 84 So. 135, 122 Miss. 99; *Bank* v. *Hodges,* 96 So. 97, 132 Miss. 238. This leaves yet for decision the main question as to whether the beneficiaries took under the policy, where they and the insured died at the same moment.

The sisters of the insured (his heirs) contend that, when the facts and circumstances are considered, it was the clear intent of the insured, in taking out the policy, that his wife and child should not have the right to take thereunder unless they survived to enjoy and use his benefaction; that, unless they did survive to take and

enjoy the proceeds of the policy, it should then revert to him, and through him to the natural objects of his bounty, his own blood, his heirs at law.

The appellees, heirs of the insured, urge their right to the proceeds of the policy upon, we may say, two theories. One is that the insurance policy should be viewed as testamentary in its nature, and should receive the liberal construction that is applied to wills, and that, when the policy is considered in that light it will appear plain that the intent and purpose of the insured was to leave the proceeds to his wife and child, if they were living at the time of his death, so that they might enjoy and use the funds; otherwise it was his wish and purpose that his own blood kin take the proceeds at his death. The argument in support of this theory is both interesting and convincing, and finds support in the authorities from other jurisdictions; but we shall omit passing on this proposition, because our decision of the case upon the other theory will make it unnecessary to do so.

The other theory presented by appellees to sustain their position, is that the provision of the policy, "if any beneficiary shall die before the insured, the interest of such beneficiary shall vest in the insured," must be construed to mean that the beneficiaries will not take under the policy unless they survive the insured; that is, they must be living at the time of the death of the insured, otherwise no interest in the proceeds can vest in them, and as the heirs of the beneficiaries must inherit through the beneficiaries, and, as the beneficiaries took no interest because not living to take it, the heirs of the beneficiaries can take no interest, but the proceeds, under the provision of the policy, must go to the heirs at law of the insured.

We think the contention of the appellees, heirs of the insured, is sound and must prevail in this case. This view is based upon the reasoning that the contract of insurance contemplates the survival of the beneficiary, in order to take under the policy.

The interest of the beneficiaries was contingent upon the death of the insured while the beneficiaries were living. Their interest was subject to defeat in two ways, viz.: By a change of the beneficiaries by the insured, or by their failure to survive the insured.

The interest of the beneficiaries in this case was contingent and personal, and never became vested, because there was no beneficiary living to take at the death of the insured. At the moment of the death of the insured, the beneficiaries were also dead; therefore it was impossible for the interest to vest in the latter as was contemplated, in our opinion, by the contract of insurance. To put it in different words, we think the survival of the beneficiaries was a condition precedent to the vesting of the interest in them, and therefore the burden was upon the heirs of the beneficiaries to establish this condition precedent.

The appellants, the heirs of the beneficiaries, contend that, under the provision of the policy mentioned above, the burden was upon the heirs of the insured to prove that the beneficiaries died before the insured, and that, since they died at the same time, their claim to the proceeds must fail because the interest vested in the beneficiaries at the death of the insured, as the insured failed to change the beneficiaries in the policy during his lifetime.

The case of *Watkins* v. *Home Life Insurance Co.,* 208 S. W. 587, 137 Ark. 207, 5 A. L. R. 791, a case recently decided by the supreme court of Arkansas, is cited and relied upon to sustain the contention. That case fully supports the theory of the appellants here, and, if it were not a case contrary to the weight of authority in other jurisdictions, and was sound in principle, we probably would be inclined to follow it; but, after a careful consideration of the opinion of Judge HART, the organ of the court, we think he went counter to the rule as announced by a great majority of the courts of America. In short, that case holds that, where the insured and the beneficiary die at the same time, "the result is the same as though

the insured died first, on the theory that the beneficiary did not die in the lifetime of the insured.'' But we disagree with the logic upon which this conclusion is reached. We do not think the policy of insurance here involved, which is the same kind of policy involved in the Arkansas case, contemplates that the heirs of the beneficiaries should take in a case where the beneficiaries died at the instant the insured died, but they take only ''if living.''

There is good authority to the effect that, where the beneficiary and the insured die at the same instant, it is equivalent to saying that the beneficiary died first, because the insured had no intention of leaving the proceeds to the kinsmen of the beneficiaries, but his purpose was to bestow a bounty upon his wife and child, who died at the same time he died. Where the insured and the beneficiary die at the same time, and there is no provision to cover such event, the circumstance is so unusual that we think the intention of the parties to the insurance contract may be ascertained from the facts and circumstances surrounding and connected with the contract, and looked to as a guide in construing the policy.

It is said in the *Arkansas case, supra,* that the provision of the policy involved does not mean that the beneficiary takes only in the event he survives the insured, but that the interest vests in the beneficiary before the death of the insured, and that he takes unless the insured survives him, or changes the beneficiary, and therefore, where they die at the same time, the heirs of the beneficiary take, because the insured has not survived the beneficiary. But we think the reasoning is faulty, in that, as we have pointed out above, the interest in the proceeds does not vest in the beneficiary until the death of the insured, and if, at the death of the insured, there is no living beneficiary to take, then the proceeds go to the heirs of the insured. The policy here involved is a New York contract, and the decisions of that state are pertinent. *McGowin* v. *Menken,* 119 N. E. 877, 223 N. Y. 509, 5 A. L. R. 794; *Y. W. C. Home* v. *French (Foul* v. *French),* 23 S. Ct.

184, 187 U. S. 401, 47 L. Ed. 233; *Paden* v. *Briscoe,* 17
S. W. 42, 81 Tex. 563; 5 A. L. R. 797, note.

In view of these conclusions, we think the holding of
the lower court was correct, and the decree therefore is
affirmed.

*Affirmed.*

ETHRIDGE, J., *dubitante.*