Baldus, Administrator, Appellant, *v.* Jeremias, Administrator.

314

Argued March 18, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Frederic W. Miller,* with him *Carl D. Smith,* for appellant.—There is no presumption of survivorship as to two or more persons who perish in a common disaster and the burden of proving survivorship is on him who asserts it: Sweeney's Est., 78 Pa. Superior Ct. 417.

The question must not be left to conjecture but must be determined by evidence.

Inasmuch as there is only a legal question involved, the court below had no discretion in the matter. In other words, if it was wrong in its conclusion as to the legal sufficiency of defendant's evidence, it committed an error in granting a new trial and the principle of discretionary power in granting or refusing a new trial has no application: Danboro Turnpike Road v. County, 258 Pa. 391; First Nat. Bank v. T. & T. Co., 251 Pa. 536; Walker v. Walker, 264 Pa. 68; Vilsack v. Wilson, 269 Pa. 77.

*Harry J. Thomas,* for appellee.—The burden of proof was met by defendant: King v. Brick & Mining Co., 284 Pa. 277; Flucker v. Steel Co., 263 Pa. 113; P. & R. R. R. v. Huber, 128 Pa. 63; Henderson v. Ref. Co., 219 Pa. 384; Millum v. Coal Co., 225 Pa. 214; McManamon v. Twp., 232 Pa. 439; Madden v. R. R., 236 Pa. 104; Weinschenk v. Bread Co., 258 Pa. 98; Howard Express Co. v. Wile, 64 Pa. 201; Hughes v. Boyer, 9 Watts 556.

It was not error to grant a new trial: Jones v. R. R., 289 Pa. 424.

OPINION BY MR. JUSTICE WALLING, April 15, 1929:

Carl Kegler died May 6, 1925, solely as the result of an accident. He held a $2,500 life policy in the Ætna Life Insurance Company, which provided for double indemnity in case of accidental death. The insurance (here $5,000) was made payable to "Helen M. K. Kegler, wife of the insured if she survives the insured; oth-

erwise, to the insured's executors, administrators or assigns." Mr. Kegler's administrator brought suit on the policy, which the company was willing to pay, but, inasmuch as Mrs. Kegler's administrator also claimed the fund, it obtained leave to pay the same into court, where an issue was framed between the administrators of the two estates. The sole question is as to whether the wife survived the husband. The trial judge, being of the opinion that the evidence would not support a finding that she did, directed a verdict for the plaintiff the husband's administrator. Thereafter, upon a hearing in banc, a majority of the court, being the two judges who did not sit at the trial, found there was sufficient evidence to require a submission of the question to a jury and made an order granting a new trial; therefrom plaintiff brought this appeal.

The trial court filed a certificate that the sole ground for making the order was the legal conclusion that there was submissible evidence in favor of the defendant in the issue and that otherwise it would not have been made. In view of this certificate we may properly review the legal question raised. See Jones v. Pennsylvania Railroad Company, 289 Pa. 424; Grossman v. Bessemer & Lake Erie R. R., 289 Pa. 169; Class & Nachod B. Co. v. Giacobello, 277 Pa. 530; Feite v. Goll, Exrx., 285 Pa. 151.

By a careful study of the record we are led to the conclusion that the verdict in favor of Mr. Kegler's administrator was rightly directed and that the granting of a new trial on the ground stated was error. The wife was entitled to the fund only in the event that she survived her husband and admittedly the burden of proving that fact rested upon her administrator. The authorities to that effect are practically uniform. See Sweeney's Estate, 78 Pa. Superior Ct. 417; Gillespie's Estate, 24 Pa. Dist. R. 376, and cases cited in these opinions; also Carpenter v. Severin (Ia.), 43 A. L. R. 1340 and note, p. 1348.

The Keglers occupied the third floor of the brick building known as No. 2018 Monongahela Avenue, Swissvale Borough, Allegheny County, and slept in a bed in the rear end of the building. Adjoining, was a one-story frame building occupied as a fruit store. Shortly after 12 o'clock on the morning of May 6, 1925, an explosion occurred in the fruit store of such violence and intensity as to wreck not only that building but also the three-story brick building above mentioned, demolishing three of its four walls and causing the death of seven people, who were sleeping therein. All of them, including the Keglers, were buried in the ruins. Fire broke out at once and it was some hours before the bodies could be extricated; those of Mr. and Mrs. Kegler were found on the adjoining property. Neither he nor she was seen nor, so far as appears, heard after the first shock and whether either survived the other or the explosion is not known. There was evidence that for eight or ten minutes following the explosion unidentified female voices were heard emanating from the ruins, but as three other women perished there that proves nothing as to Mrs. Kegler. There was also evidence that a female voice was heard apparently near the place where her body was found, but as another woman's body was found close by it is impossible to determine which voice it was, if either. There was evidence that when the bodies were recovered Mr. Kegler's head was burned more than that of his wife, but when this burning occurred or that it caused the death of either does not appear. There is also evidence indicating that when Kegler's body was recovered, the back of his head was crushed. Whether that was caused by the explosion or later during the fire is not clear. Furthermore, it does not appear that this caused his death or that it occurred during his life or that of his wife.

Where, as here, two perish in a common disaster there is no presumption as to survivorship. While it may be shown by circumstantial evidence, like any other fact, yet the circumstances must be such as to satisfy reason-

ably well balanced minds of the existence of the fact sought to be established. See King et ux. v. Darlington Brick & Mining Co., 284 Pa. 277; Flucker v. Carnegie Steel Co., 263 Pa. 113; Dannals v. Sylvania Township, 255 Pa. 156; Madden v. Lehigh Val. R. R. Co., 236 Pa. 104; Tucker v. Pittsburgh, etc., Ry. Co., 227 Pa. 66. In the instant case the circumstances are so uncertain as to afford no basis for a conclusion, beyond a possible surmise. The rule is stated by Judge LINN, speaking for the Superior Court, in Sweeney's Estate, supra, to the effect, that in the absence of substantial evidence warranting a definite conclusion as to survivorship of those perishing in a common disaster, they will be treated as dying at the same instant and property rights adjudged accordingly. A like conclusion is stated by the late Judge IRWIN, in an exhaustive opinion in Gillespie's Estate, supra. McGowin v. Menken, 119 N. E. 877, 223 N. Y. 509, states that, "In case of the death of two or more persons in a common disaster, there is no presumption either of survivorship or simultaneous death; and under an insurance policy, where a wife was to get the proceeds, if living on the death of her husband, otherwise to the husband's representatives, the burden was upon the representative of the wife to show that she survived the husband." To like effect see Fuller v. Linzee, 135 Mass. 468. See also Hildenbrandt v. Ames et al., 27 Tex. Civ. App., 377, 66 S. W. 128. The latter case holds that slight circumstances as to survivorship are insufficient to meet the burden of proof resting upon the wife's legal representatives. The cases cited for appellee from other jurisdictions are distinguishable on their facts from the instant case and do not seem to require special discussion. At most there is here only a scintilla of evidence, which cannot be submitted to a jury: Cunningham et al. v. Smith's Admr., 70 Pa. 450; Howard Express Company v. Wile, 64 Pa. 201. "The preliminary question of law for the court is, not whether there is literally no evidence, or a mere scintilla, but whether there is any

that ought reasonably to satisfy the jury that the fact sought to be proved is established. If there is evidence from which the jury can properly find the question for the party on whom the burden of proof rests, it should be submitted: if not, it should be withdrawn from the jury": Hyatt v. Johnston, 91 Pa. 196.

The order granting a new trial is reversed and the record is remitted that judgment may be entered for the plaintiff on the verdict.