## York County v. Fry et al.

Before Niles, P. J., and Sherwood, J.

*George S. Love*, for plaintiff.

*Robert C. Fluhrer* and *James G. Glessner*, for defendants.

NILES, P. J., May 6, 1929.—The motions for judgment for want of a sufficient affidavit of defense in these two actions are based upon the same legal situation, were argued together, and will be so considered.

It is admitted by the pleadings that on May 17, 1926, a judgment was entered in the Court of Common Pleas of York County, to No. 152, April Term,

1925, in favor of the County of York, against Arthur G. Fry, county treasurer, for $3615.51; and on May 17, 1926, another judgment was entered to No. 174, April Term, 1926, in favor of the County of York and against Arthur G. Fry, county treasurer, for the sum of $3501.35. From these two judgments appeals were taken to the Supreme Court and perfected by bonds in each case, dated June 1, 1926, on both of which bonds William E. Hoffacker and J. A. Stoner, M. D., became sureties for Arthur G. Fry, county treasurer, the defendant. The condition of each bond was the usual one, that the appellant prosecute the appeal with effect and pay the amount finally adjudicated to be due. The appeals were heard and both of said judgments were affirmed by the Supreme Court with an opinion filed June 25, 1927, and reported in 290 Pa. 310. The judgments not having been satisfied by the defendant, Arthur G. Fry, county treasurer, these actions were brought upon the appeal bonds.

The affidavits of defense set up as reasons for non-liability of the sureties upon the appeal bonds facts relative to the bond of the county treasurer, dated Dec. 17, 1923, in the sum of $150,000, with the Ætna Casualty and Surety Company as surety for Arthur G. Fry, when he took office on the first Monday of January, 1924, for a term of four years as county treasurer, for the faithful performance of the duties of his office and a just accounting of all moneys that might come into his hands on behalf of the County of York, etc. It is set up in the affidavit of defense that, after the affirmance of the judgments in favor of the county and against the county treasurer, the Commissioners of the County of York, on July 8, 1928, entered into an agreement with the Ætna Casualty and Surety Company to proceed against Arthur G. Fry and his appeal bond sureties, and not to proceed against the Ætna Casualty and Surety Company, for the amounts of the judgments appealed from, unless the county should be unsuccessful in collecting from the treasurer and the sureties on his appeal bonds. It is claimed by the defendants that this arrangement between the commissioners and the Ætna Casualty and Surety Company so changed and altered the situation as to result in absolving the defendants from liability on their appeal bonds. It is further alleged in the affidavit of defense that, at the time the appeal bonds were filed, Walter B. Hays, Esq., then county solicitor for the plaintiff, in approving the sureties on said appeal bonds, stated that the plaintiff was not looking to the appeal bonds or the sureties thereon if the judgments should be affirmed by the Supreme Court, but would collect the amount of said judgments from Arthur G. Fry or the Ætna Casualty and Surety Company on the county treasurer's bond furnished by it.

Argument was had before the court in banc upon these motions.

We are of opinion that there is nothing alleged in the affidavit of defense which, if admitted, would absolve the defendants, the sureties, or the county treasurer from the obligation arising upon the bonds executed by them. In order to enable the county treasurer to make his appeal a supersedeas, the defendants bound themselves to pay the amounts finally adjudicated. The judgments appealed from have been finally adjudicated by the affirmance thereof by the Supreme Court. We have been referred to no authority, and it does not seem consonant with principle or reason, that the obligation of the sureties clearly expressed in the words of the appeal bonds could be legally changed, limited or discharged by the statement of the county solicitor, alleged in the affidavit of defense, that if the judgments would be affirmed, the county would collect from the county treasurer and the Ætna Casualty and Surety Company on the treasurer's bond furnished by it, and would not look to the sureties on the appeal bonds, the defendants in these cases.

The argument for defendants is based upon the theory that the sureties on the appeal bond were co-sureties with the Ætna Casualty and Surety Company, the surety on the county treasurer's original bond, or were the sureties to the county for the performance by the Ætna Company of its obligations under the county treasurer's original bond; and that the sureties on the appeal bond were entitled, upon payment of the appeal bonds by them, to be subrogated to some rights of the county against the Ætna Company. This theory does not seem to us to be valid. The sureties, defendants in these cases, did not covenant to pay to the county the amounts of the judgments if affirmed and if not paid by Fry or the sureties upon his general treasurer's bond. Their obligation was to pay to the county what Fry should be finally adjudicated liable for. Their payment would be Fry's payment, and to that extent the Ætna Company would be relieved from liability upon the general bond, the obligation of which was that the Ætna Company would pay whatever should be found due by the treasurer to the county upon final accounting. The appeal bonds should reasonably be construed as additional resources for the collection by the county from the treasurer for these sums due the county. The result would be to relieve the treasurer's general surety from liability to that extent. As between the surety on the treasurer's general bond and these defendants, the sureties on the appeal bond, the latter are primarily responsible for payment in default of payment by Fry, the treasurer. If this analysis is correct, no right of defendants was affected by the arrangement of July 8, 1928, between the Ætna Company and the county commissioners set forth in the affidavit of defense.

And now, to wit, May 6, 1929, in No. 138, January Term, 1929, the motion of Feb. 11, 1929, for judgment for want of a sufficient affidavit of defense is granted and the rule issued thereon made absolute, and judgment is entered in favor of the plaintiff and against the defendants for $3615.51, with interest from May 17, 1926, with costs of suit; and in No. 139, January Term, 1929, the motion of Feb. 11, 1929, for judgment for want of a sufficient affidavit of defense is granted and the rule issued thereon made absolute, and judgment is entered in favor of the plaintiff and against the defendants for $3501.35, with interest from May 17, 1926, with costs of suit.

From Richard E. Cochran, York, Pa.