McKINNEY ET AL. *v.* DEPOY, DECEASED, ET AL.

[No. 26,944. Filed January 18, 1938. Rehearing denied February 15, 1938.]

362

Rhodes & Rhodes, for appellants.

Harvey Cole, for appellees.

TREMAIN, J.—On December 28, 1930, William A. Depoy and Nellie A. Depoy, husband and wife, were killed in a common disaster. There is no evidence as to who survived. Both died intestate, without issue or ancestors surviving, but each was survived by heirs consisting of brothers and sisters. Loren L. Heeter was appointed and qualified as administrator of each estate.

At the time of the death of William A. Depoy, the following life insurance policies were in full force and effect upon his life: (1) A $5,000 policy issued by the Ridgely Protective Association. Nellie A. Depoy was named beneficiary by the following provision: "Indemnity for loss of life of the insured is payable to the beneficiary if surviving the insured, and otherwise to the estate of the insured. . . . Consent of the beneficiary shall not be requisite to surrender or assignment of this policy, or to change of beneficiary, or to any other changes in the policy." (2) A $1,000 policy issued by the Metropolitan Life Insurance Company in which Nellie A. Depoy was named a beneficiary "with the right of revocation." It provided that: "If any beneficiary . . . shall die before the Insured the interest of such beneficiary shall vest in the Insured." And (3) a $2,000 policy issued by the Prudential Life Insurance Company of America "PAYABLE TO NELLIE A. DE POY, Beneficiary, wife of the Insured." It further provided:

"If there be no Beneficiary living at the death of the Insured the amount of insurance payable shall be paid to the executors, administrators or assigns of the Insured, unless otherwise provided in the Policy. The right to change the Beneficiary has been reserved by the Insured."

Heeter filed his final report in the estate of Nellie A. Depoy and did not charge himself with the proceeds of these policies. Brothers of Nellie A. Depoy filed exceptions to the report, charging that the administrator had collected the amount due on the several policies, and asked the court to require him to account for the same as part of Nellie A. Depoy's estate.

A trial was had. The court, upon request, made special findings of fact and stated its conclusions of law thereon, to the effect that any interest of Nellie A. Depoy, as beneficiary under said policies of life insurance, was contingent upon her survival of her husband, and in the absence of proof of such survivorship, the proceeds of said policies were payable to Heeter as administrator of the estate of William A. Depoy, to be distributed to his heirs at law; that neither the estate of Nellie A. Depoy nor her heirs at law had any interest therein. Judgment was rendered approving the report, and against the exceptors for cost. Motion for a new trial was filed and overruled. Appeal to the Appellate Court was perfected.

The appellants' position is that Nellie A. Depoy, as beneficiary, had an absolute vested interest in the policies; that the reservation by the insured of the right to change the beneficiary was a mere power and not a reservation of title; that the title vested in her upon the delivery and acceptance of the policies, the same as if the policies did not contain the reservation, subject to be completely divested by the exercise of the power, which power William A. Depoy did not exercise in his lifetime.

The precise question 'here presented is one of first impression in this court. In order to sustain their position, the appellants cite and rely upon *Holland, Guardian* v. *Taylor et al.* (1887), 111 Ind. 121, 12 N. E. 116; *Farra* v. *Braman* (1909), 171 Ind. 529, 86 N. E. 843; *Mason* v. *Mason* (1903), 160 Ind. 191, 65 N. E. 585. In these and other cases cited by appellants, the insured died without having exercised the right to change the beneficiary in the manner provided in the policy. It was held, under the facts there involved, that the right or power to change the beneficiary must be exercised specifically in the manner provided in the policy; that in such policy the beneficiary had an interest; that the insured had reserved to himself a power with the right of exercise to the extent of defeating the beneficiary by compliance with the terms of the policy; that the interest of the beneficiary upon the issuance, delivery, and acceptance of the policy, was a defeasible vested interest, which became absolute on the death of the insured, who failed to exercise the right to change the beneficiary during his lifetime. The beneficiary survived in these cases. These propositions are not questioned as applied to the facts under consideration in the cases decided. They do not aid appellants in this case, where both insured and beneficiary died in a common disaster with no proof as to survivorship, and where the policies reserved the right of revocation.

To meet this situation the appellants rely (1) upon the rule announced by the courts of this state that the beneficiary owns a vested interest in the policies, and (2) upon *Cowman* v. *Rogers* (1891), 73 Md. 403, 21 Atl. 64, 10 L. R. A. 580; *United States Casualty Co.* v. *Kacer* (1902), 169 Mo. 301, 69 S. W. 370, 58 L. R. A. 436, 92 Am. St. Rep. 641; *Watkins* v. *Home Life & Accident Ins. Co.* (1919), 137 Ark. 207, 208 S. W. 587,

5 A. L. R. 791; *Middeke* v. *Balder* (1902), 198 Ill. 590, 64 N. E. 1002, 59 L. R. A. 653, 92 Am. St. Rep. 284.

*Middeke* v. *Balder, supra,* does not support appellants' position, but holds directly to the contrary. The other three cases do support appellants' theory. An investigation of the decisions of the courts of this country discloses that the three cases express the minority rule and have been criticized by a number of courts. The majority rule is that where the insured and the beneficiary perish in a common disaster, with no evidence as to survivorship, the insurance is payable to the estate of the insured, and not to the estate of the beneficiary. *Middeke* v. *Balder, supra; Fuller* v. *Linzee* (1883), 135 Mass. 468; *In re Hammer* (1917), 101 Misc. 351, 168 N. Y. Supp. 588; *Dunn* v. *New Amsterdam Casualty Co.* (1910), 141 App. Div. 478, 126 N. Y. Supp. 229; *In re Valverde's Estate* (1933), 265 N. Y. Supp. 484; *In re Burza's Estate* (1933), 279 N. Y. Supp. 90; *McGowin* v. *Menken* (1918), 223 N. Y. 509, 119 N. E. 877, 5 A. L. R. 794; *Supreme Council, R. A.* v. *Kacer* (1902), 96 Mo. App. 93, 69 S. W. 671; *Paden* v. *Brisco* (1891), 81 Tex. 563, 17 S. W. 42; *Hildenbrandt* v. *Ames* (1901), 27 Tex. Civ. App. 377, 66 S. W. 128; *Males* v. *Sovereign Camp, W. W.* (1902), 30 Tex. Civ. App. 184, 70 S. W. 108; *Fleming* v. *Grimes* (1926), 142 Miss. 522, 107 So. 420, 45 A. L. R. 618; *Baldus* v. *Jeremias* (1929), 296 Pa. 313, 145 Atl. 820; *Cedergren* v. *Massachusetts Bonding & Ins. Co.* (1923), 292 Fed. 5; *Sovereign Camp, W. O. W.* v. *McKinnon* (1931), 48 F. (2d) 383; *Masonic Temple Assn.* v. *Hannum* (1936), 20 N. J. Eq. 183, 184 Atl. 414. Also see annotation 43 A. L. R. 1348.

No good purpose would be served by undertaking to analyze and quote from the decisions just cited. It is proper, however, to quote excerpts from two or three of the opinions in order to disclose the line of reasoning of

the courts where the precise question here involved was decided. These cases involve a question where the insured and beneficiary met death in a common catastrophe. The policies of insurance contain clauses either exactly like those contained in the case at bar or similar. In each of them there was a contest between the heirs or administrators of the insured and the beneficiary named in the policy. With a few exceptions, the policies contain a power of revocation by the insured. In two or three of the cases no power of revocation was reserved in him, but it was held that the proceeds of the insurance policy in those cases went to the insured, his administrators, or heirs.

In discussing the question in *McGowin* v. *Menken, supra,* the court of appeals in the state of New York made use of the following language (p. 511) :

> "In the case of the death of two or more persons in a common disaster, there is no presumption either of survivorship or simultaneous death. . . . In the submission the parties agreed it cannot be proved which one survived the other. Under such circumstances, by the express terms of the policies, the proceeds belong to the husband's estate. Mrs. Tesson's right thereto depended upon her surviving her husband. The provision in each policy is that the society will pay, upon receiving proof of the death of Mr. Tesson, '$5,000 . . . to his wife, Alice E. Tesson, if living; if not, then to the assured's executors, administrators, or assigns.' Survivorship of the wife, therefore, was a condition precedent to her taking. Had her administrator brought an action against the society, he would have had to prove, in order to recover, not only the issuance of the policies, but the death of Mr. Tesson prior to that of his wife. Failing in this, a recovery could not have been had.

In *Paden* v. *Brisco, supra,* the Texas court said (p. 569) :

> "The instantaneous death of both the husband and wife successfully accomplished the inability of the wife to take as if she had died before."

*Hildenbrandt* v. *Ames, supra,* is one of the cases which criticizes *Cowman* v. *Rogers, supra,* relied upon by appellants, by the following language (p. 384) :

"but the opinion in that case is based upon the theory that the interest of the beneficiary in the insurance policy was a vested interest in the absolute sense of that term, and as before shown we do not consider this theory sound."

A Metropolitan Life Insurance Company policy containing a clause in the exact words of the one involved in the instant case was before the Mississippi Supreme Court in *Fleming* v. *Grimes, supra.* Among other things the court said (p. 534) :

"The interest of the beneficiaries in this case was contingent and personal, and never became vested, because there was no beneficiary living to take at the death of the insured. At the moment of the death of the insured, the beneficiaries were also dead; therefore it was impossible for the interest to vest in the latter as was contemplated, in our opinion, by the contract of insurance. To put it in different words, we think the survival of the beneficiaries was a condition precedent to the vesting of the interest in them, and therefore the burden was upon the heirs of the beneficiaries to establish this condition precedent."

By reading all of the cases cited and relied upon by appellee it will be seen that, without exception, where the insured and beneficiary died in a common disaster without proof of survivorship, the proceeds of the insurance policies were held to be payable to the administrators of the insured, particularly where the right to change the beneficiary had been reserved in the policy. Without question, this is the majority rule of the courts in this country, and there is no presumption, from age or sex, that either survived the other. The property of each descends as though the other had never existed. *Carpenter* v. *Sev-*

*erin* (1925), 201 Iowa 969, 204 N. W. 448, 43 A. L. R. 1340; *Young Women's Christian Home* v. *French* (1903), 187 U. S. 401, 23 Sup. Ct. Rep. 184, 47 L. Ed. 233.

The so-called vested interest of the beneficiary under the policies involved in this appeal is contingent ██ upon her survivorship. The policies were payable to her only in that event. Since there is no presumption of survivorship one way or the other, the burden rests upon her administrator or her brothers as exceptors in this case to prove that Mrs. Depoy survived Mr. Depoy. Having stipulated that their deaths were instantaneous and that there was no proof of survivorship they must fail in their claim.

As said in *Dunn* v. *New Amsterdam Casualty Co.*, *supra* (p. 480) :

"... it begs the question to say that she took a vested interest subject to being divested by her prior death. No doubt the law is that, in the absence of a reservation of the right to change a beneficiary, that may not be done by the assured. But the cases on that head have no application whatever to the question now being considered. Here the beneficiary named was not to take at all events, but only in case she survived the assured."

This general and universally asserted proposition is applicable to the case at bar. The asserted vested interest of Mrs. Depoy was one not in her possession, but at law a mere expectancy, liable to be divested by her death before the death of the insured. The insurance policies of Mr. Depoy were contracts which he entered into for the benefit of his wife in the event of her survival. It is clear that Mr. Depoy did not expect the proceeds of the policy to go to her estate or to her brothers in the event she did not survive him. His contract of insurance provided otherwise. Her alleged vested interest was defeasible at all times. The right

of Mrs. Depoy in the policies, in which Mr. Depoy reserved the right to change the beneficiary, was never an absolute vested right as contended by appellants. To be such absolute vested right, in a legal sense, the right must be complete and consummated, and one of which the person to whom it belongs cannot be divested without his consent. A defeasible right is never, in a strict sense, a vested right.

Nothing is found in the opinions of this court, dealing with matters remotely connected with the question, which would influence the court to hold that it should not follow the majority rule, but should adopt the minority rule, which has been disapproved, and the cases holding to that rule have been criticized over and over again.

This court is unable to discover any error in the decision of the lower court. Therefore, the judgment is affirmed.